# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Monika Wilson-Greene,           )
17007 Village Drive West        )
Upper Marlboro, Maryland        )
      Plaintiff,               )
                      )
                      )
        v.                 )
                      )
Department of Youth             )
Rehabilitation Services         )
Youth Services Center           )
1000 Mt. Olivet Road, N.E.      )
Washington, D.C. 20002          )
                      )
Vincent Schiraldi, Director     )    Civil Action No.: _____
10000 Mt. Olivet Road, N.E.     )
Washington, D.C. 20002          )
                      )
David Brown, Deputy Director,   )
8300 Riverton Court             )
Laurel, Maryland  20724         )
                      )
Mark Schindler, Chielf of Staff )
8300 Riverton Court             )
Laurel, Maryland  20724         )
                      )
LaVern Evans, Superintendent    )
8300 Riverton Court             )
Laurel, Maryland  20724         )
                      )
Dexter Dunbar, Deputy Superintendent  )
of Treatment                    )
8300 Riverton Court             )
Laurel, Maryland  20724         )
                      )
D.J. Thomas, Deputy Superintendent  )
of Operations                   )
8300 Riverton Court             )
Laurel, Maryland  20724         )

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2006 DEC 27  PM 5: 52
NANCY MAYER-WHITTINGTON
CLERK

**Cathy Ohler, Human Resources Specialist)**
**Representative** )
**8300 Riverton Court** )
**Laurel, Maryland 20724** )
                                                        )
**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
                        **Defendants.** )
_____ )

## NOTICE OF REMOVAL

The Department of Youth Rehabilitation Services, Vincent Schiraldi, David

Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler

are defendants in the case *Monika Wilson-Greene v. District of Columbia, et al.,* Civil

Action No. 06-8420, now pending in the Superior Court of the District of Columbia.

Pursuant to 28 U.S.C. §§1441 and 1446, these defendants remove the above action from

the Superior Court of the District of Columbia to this Honorable Court because the claims

raised in plaintiff's complaint present federal questions appropriate for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties

or laws of the United States" are removable without regard to the citizenship or residence of

the parties. See 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446, parties have 30 days

after the receipt of the complaint, through service or otherwise, to file its removal of an

action to the Untied States District Court. The herein named defendants received a copy

of the Summons and Complaint on or about December 13, 2006. Pursuant to 28 U.S.C. §

1446(a), copies of all process, pleadings and orders received by undersigned counsel in

this matter are attached hereto and incorporated by reference herein.

2

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2006, a copy of the foregoing

Notice of Removal was mailed, postage prepaid to:

**Monika Wilson-Greene,**
**17007 Village Drive West**
**Upper Marlboro, Maryland**

**Andrew T. Wise, Esq.**
**Miller & Chevalier Chartered**
**655 15th Street, NW**
**Suite 900**
**Washington, Dc 2005**

Leticia L. Valdes
Assistant Attorney General



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene Plaintiff(s)  )
)
)
)  Civil Action No. _0008420-06_
)
vs.  )
)
Cathy Ohler  Defendant(s)  )
)

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Monika Wilson-Greene_ , under oath do hereby state the following:
That my age and birth date are as follows: _42 yrs._
_04-29-64_
That my residential or business address is: _17007_
_Village Drive West, Upper Marlboro, MD 20773_
That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
_Cathy Ohler_ by registered/certified mail.
That the return receipt attached hereto was signed by
_____ , the Defendant herein or
_Bernadette Akinseye_ , a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
_Nov. 29, 2006_ .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS _Documents mailed to defendant's business address:_
_8300 Riverton Court_
_Laurel, MD 20724_
_Bernadette Akinseye is person authorized to_
_sign for and receive mail._

_____
Signature

Subscribed and sworn to before me this _5th_ day of _Dec_ ~~19~~ _2006_

_____
Deputy/Clerk/Notary Public

Case: 2006 CA 008420 B

MY COMMISSION EXPIRES
6/1/2010

**COMPLETE THIS SECTION**

■ e Items 1, 2, and 3. Also complete
Restricted Delivery is desired.
r name and address on the reverse
can return the card to you.
ard to the back of the mailpiece,
if space permits.

to:

OHleR
verToN Court
Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____     ☐ Agent
                              ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

_bernadette Akinia_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

7006 0100 0003 3530 4172

abel)                                            TO2595-02-M-1540

ary 2004    Domestic Return Receipt

KC

FILED

DEC 1 1 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene Plaintiff(s)  )
)
)
)
vs.                                 )
)
David Brown    Defendant(s)         )
)

Civil Action No. _0008420-06_

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Monika Wilson-Greene_, under oath do
hereby state the following:
        That my age and birth date are as follows: _42 yrs_
_04-29-64_
        That my residential or business address is: _17007_
_Village Drive West, Upper Marlboro, MD 20772_
        That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
_David Brown_ by registered/certified mail.
        That the return receipt attached hereto was signed by
_____, the Defendant herein or
_D. Akinseye_, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
_Nov. 29, 2006_ .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS _Documents were mailed to defendant's business address:_
_830 Riverton Court_
_Laurel, MD 20724_
_B. Akinseye is person authorized to_
_sign for and receive mail._

_____
Signature

Subscribed and sworn to before me this _5th_ day of _Dec_ ~~19~~ _2006_

_____
Deputy Clerk/Notary Public

Case: 2006 CA 008420 B
Doc: CIVASSC

COMMISSION EXPIRES
6/1/2010

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Akiaclye

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

David Brown
Deputy Director
8300 Riverton Court
Laurel, Md 20724

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7006 0100 0003 3530 4226

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

KC

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

DEC 1 1 2006

CIVIL DIVISION

Monika Wilson-Greene
                    **Plaintiff(s)**

Civil Action No. 0008420-06

vs.

Dexter Dunbar
                    **Defendant(s)**

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene , under oath do hereby state the following:
            That my age and birth date are as follows: 42 yrs.
04-29-64
            That my residential or business address is: 17007
Village Drive West, Upper Marlboro, MD 20772
            That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
Dexter Dunbar by registered/certified mail.
            That the return receipt attached hereto was signed by
_____, the Defendant herein or
B. Akinseye , a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
Nov. 29, 2006 .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS Documents mailed to defendant's business address:
6300 Riverton Court
Laurel, Maryland 20724
B. Akinseye is person authorized to sign for
and receive mail.


                                        Signature

Subscribed and sworn to before me this 5 day of Dec 19 2006

                                        Anthony R. Davis
                                        Deputy Clerk/Notary Public

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dexter Dunbar
Deputy Supt
8300 Riverton Court
Laurel, Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 0100 0003 3530 4165

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

KC

DEC 1 1 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene Plaintiff(s) )
)
)
vs. )          Civil Action No. 0008420-06
)
)
David J. Thomas Defendant(s) )
)

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene _____, under oath do
hereby state the following:
       That my age and birth date are as follows: 42 yrs
09-29-64
       That my residential or business address is: 1707
Village Drive West, Upper Marlboro, MD 20772
       That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
David J. Thomas _____ by registered/certified mail.
       That the return receipt attached hereto was signed by
_____, the Defendant herein or
B. Akinseye _____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
Nov. 29, 2006 _____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS: Documents mailed to defendant's business address:
830 Riverton Court
Laurel, MD 20124
B Akinseye is person authorized to sign for     _____
and receive mail.                                      Signature
Subscribed and sworn to before me this   5th   day of Dec   19 20 06

_____
Deputy Clerk/Notary Public

Case: 2006 CA 008420 B
DKT: CIVRSSC

COMMISSION EXPIRES
51 2010

1934307 VANCES 12/12/2006 12:41:56 PM

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Thomas
8300 Riverton Court
Laurel, Maryland
20724

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7006 0100 0003 3530 4196

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

KC

DEC 1 1 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene
                            Plaintiff(s)

          vs.

LaVern Evans    Defendant(s)

Civil Action No. 0008420-06

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene , under oath do
hereby state the following:
C-4-29-64 That my age and birth date are as follows: 42 yrs.
          That my residential or business address is: 17007
Village Drive West, Upper Marlboro, MD 20772
          That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
LaVern Evans     by registered/certified mail.
          That the return receipt attached hereto was signed by
_____, the Defendant herein or
D. Akinseye _____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
Nov 29, 2006 .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS Documents mailed to defendant's business address.
8300 Riverton Court
Laurel, MD 20724
D. Akinseye is person authorized to sign
for and receive mail.

_____
                Signature

Subscribed and sworn to before me this 5th day of Dec 19 2006

_____
Deputy Clerk/Notary Public

MY COMMISSIO
      01/20


ES 12/12/2006 12:41:56 PM

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LaVern Evans
Superintendent
8300 Riverton Court
Laurel, Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
B. Akinry

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7006 0100 0003 3530 4219

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

DEC 1 1 2006

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Monika Wilson-Greene )
                                          )
                    **Plaintiff(s)**      )     Civil Action No. 0008420-06
                                          )
                                          )
              vs.                         )
Department of Youth Rehabilitation Services )
            (DYRS)                        )
                    **Defendant(s)**      )
                                          )

---

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene _____, under oath do hereby state the following:

That my age and birth date are as follows: 42 yrs.
04-29-64

That my residential or business address is: 17007 Village Drive West, Upper Marlboro, MD 20772

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant DYRS- c/o Mayor Anthony Williams by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or Alonzo Pearson _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____ Dec. 1, 2006 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS Documents mailed to defendant's business address:
Office of Mayor Anthony Williams
Tabitha Braxton
1350 Pennsylvania Ave, NW
Wash, DC 20004
Alonzo Pearson is person authorized to sign for and receive mail.

_____
Signature

Subscribed and sworn to before me this 5th day of Dec 2006

_____
Deputy Clerk/Notary Public



MY COMMISSION EXPIRES
6/1/2010

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Alonzo Pearson* ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery *12·1·06* |
| 1. Article Addressed to:<br><br>Tabitha Braxton, Agent<br>1350 Pennsylvania Ave N W<br>Rm 419<br>Washington, DC 20004 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7006 0100 0003 3534 0002 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

DEC 1 1 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene                    )
                         Plaintiff(s)   )        Civil Action No. 0008420-06
                                        )
                                        )
              vs.                       )
                                        )
Dept of Youth Rehabilitation Services   )
(DYRS)              Defendant(s)        )
                                        )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, __Monika Wilson-Greene_____, under oath do
hereby state the following:
CY-29-44    That my age and birth date are as follows: __42 yrs.__
_____  That my residential or business address is: __17007__
__Village Drive, West, Upper Marlboro, MD 20772_____
            That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant(DYRS) c/o
__Darlene Fields / Attorney General__ by registered/certified mail.
       office That the return receipt attached hereto was signed by
_____, the Defendant herein or
__G. Dunurowa_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
__Nov. 29, 2006_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS _Documents were mailed to defendant's business address._
Office of Attorney General
  Darlene Fields
  441 4th St, N.W., Wash, D.C. 20001
G. Dunurowa is person authorized to sign for          _____
and receive mail                                           Signature

Subscribed and sworn to before me this __5th__ day of __Dec__ __19 2006__

                                        _____
                                        Deputy Clerk/Notary Public

MY COMMISSION EXPIRES
6/1/2010

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Darlene Fields
441 4th Street, NW
6th Floor South
Suite 600 South
Washington, DC 20001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
D. Dinmoure                        11-29 06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7006 0100 0003 3530 4189

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
DEC 1 1 2006
[...] COLUMBIA
[...] CC

Monika Wilson-Greene )
                          )
            Plaintiff(s)  )     Civil Action No. 000 8420-06
                          )
        vs.               )
                          )
Pili Robinson             )
            Defendant(s)  )
                          )

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene , under oath do hereby state the following:

That my age and birth date are as follows: 42 yrs. 04-29-64

That my residential or business address is: 17007 Village Drive West, Upper Marlboro, MD 20772

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____ Pili Robinson by registered/certified mail.

That the return receipt attached hereto was signed by Mark Stewart , the Defendant herein or _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____ December 4, 2006 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS Documents mailed to defendant's business address:
Missouri Youth Services Institute
1906 Hayselton Drive, Jefferson City, MO 65109
Mark Stewart is person authorized to sign for and receive mail.

_____
Signature

Subscribed and sworn to before me this 8 day of Dec 19 2006

_____
Deputy Clerk/Notary Public

MY COMMISSION EXPIRES
6/1/2010

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pili Robinson
MYSI
1906 Hayselton Drive
Jefferson City, MO
65109

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

12-4

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

7006 0100 0003 3530 4202

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

VC

DEC 1 1 2006

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Monika Wilson-Greene
_____ Plaintiff(s)    )
)
)
)
vs.    )    Civil Action No. 0008420-06
)
Mark Schindler _____ Defendant(s)    )
)

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Monika Wilson-Greene_, under oath do hereby state the following:

That my age and birth date are as follows: _42 yrs._
_04-29-64_

That my residential or business address is: _17007 Village Drive, West, Upper Marlboro MD 20772_

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____ _Mark Schindler_ by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or _D. Akinseye_, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____ _Nov. 29, 2006_.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS _Documents were mailed to defendant's business address:_
_8300 Riverton Court_
_Laurel, MD. 20724_

_D. Akinseye is person authorized to sign for and receive mail._

_____
Signature

Subscribed and sworn to before me this _5th_ day of _Dec_ _19-2006_

_Anthony A. Adair_
_____
k/Notary Public

Case: 2006 CA 008420 B

XPIRES

6/1/2010

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery<br>D. Akinsuyi |
| 1. Article Addressed to:<br>Mark Schindler, Chief of Staff<br>8300 Riverton Court (DYRS)<br>Laurel, Md 20724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7006 0100 0003 3530 4233 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |

$K^e$



DEC 1 1 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene )
                      ) Plaintiff(s)    )     Civil Action No. 0008120-06
                      )
                      )
        vs.           )
                      )
Vincent Schivaldi  Defendant(s)  )
                      )

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Monika Wilson-Greene, under oath do hereby state the following:
That my age and birth date are as follows: 42 / 04-29-64

That my residential or business address is: 17007 Village Drive West, Upper Marlboro MD 20772
That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant Vincent Schivaldi by registered/certified mail.
That the return receipt attached hereto was signed by Louis Wilborn, the Defendant herein or a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as 11·30·06

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS  Documents mailed to Defendant's
business address: 1000 1st Olivet Rd, NE
Wash DC 20002

Louis Wilborn is person authorized to
sign for and receive mail.

_____
Signature

Subscribed and sworn to before me this 5th day of Dec 19 2006

_____
Deputy CL          ...ary Public

MY COMMISSION EXPI...
6/1/2010

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vincent Schiraldi, Director
YSC
1000 Mt Olivet Rd, N.E.
Wash, DC. 20002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Louers W. Iborn    4·30·4

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0003 3530 4240

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Ammendment
~~ADDENDUM~~ TO CIVIL COMPLAINT

# FILED

# November 29, 2006

## Monika Wilson-Greene,
**17007 Village Drive West**
**Upper Marlboro, Maryland 20772**

*Plaintiff*

v.

## Department of Youth Rehabilitation Services
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

## Vincent Schiraldi, Director
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

## David Brown, Deputy Director
8300 Riverton Court
Laurel, Maryland 20724

## Mark Schindler, Chief of Staff
8300 Riverton Court
Laurel, Maryland 20724

## LaVern Evans, Superintendent
8300 Riverton Court
Laurel, Maryland 20724

and

Civil Action No.: 0008420-06



FILED
CIVIL ACTIONS BRANCH
NOV 2 9 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC



Case: 2006 CA 008420 B

**Dexter Dunbar, Deputy Superintendent**
**of Treatment**
8300 Riverton Court
Laurel, Maryland 20724


**D.J. Thomas, Deputy Superintendent**
**of Operations**
8300 Riverton Court
Levrel Maryland 20724


**Cathy Ohler, Human Resources**
**Specialist/Representative**
8300 Riverton Court
Laurel, Maryland 20724


**Pili Robinson, Senior Consultant to**
**the Department of Youth Rehabilitation Services**
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

*Defendants*


## COMPLAINT

Plaintiff, Monika Wilson Greene, complains of defendant, Department of Youth Rehabilitation Services, et al as follows:

1.   This addendum affects the following sections: Parties, Statement of the Cause, Background and Facts, Plaintiff's Exceptions and Conclusions. The contents of this addendum are to be added to the complaint filed on November 21, 2006.

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
Addendum to Complaint
November 29, 2006

2.   This court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as this action involves federal violations.

3.   Venue properly rests with this court, pursuant to 28 U.S.C. Section 1391(e), as the Defendant is an agency of the District of Columbia and the Plaintiff is a former employee of the Defendant.

## PARTIES

4.   Pro se litigant, Monika Wilson-Greene (hereinafter "Plaintiff").

5.   The Defendants are the Department of Youth Rehabilitation Services, an agency of the District of Columbia, (hereinafter "DYRS"), Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, David Thomas, Fitzgerald Fant, Cathly Ohler, and Pili Robinson (hereinafter "Defendant").

6.   Plaintiff was terminated in mass firing with nine managers, terminating more than 33% of the management workforce at the Oak Hill Youth Center.

## I.    Statement of the Case

This complaint is before the Superior Court of the District of Columbia on the grounds of wrongful termination. The Plaintiff contends that the Department of Youth Rehabilitation Services, et al terminated her employment for contacting the District of Columbia Metropolitan Police Department to file a complaint against a resident for assault, in violation of her *First and Fifth Amendment Rights,* the 1994 Fair Employment practices, the National Labor Relations Act of 1935, anti retaliation laws, civil service laws.

Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of $950,000.00, and reinstatement of a career service status position within the agency for which she is qualified.

## II.    Background and Director's Decision

## A.    The Facts

October 19, 2006, Fitzgerald Fant, Human Resource Manager and Equal Employment Opportunity Officer (EEO), participated in an active roll concerning the termination of the Plaintiff and several MSS mangers that were fired that day. Mr. Fant's dual roles presents a

3

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
Addendum to Complaint
November 29, 2006

conflict of interest and prohibited the Plaintiff from receiving fair and impartial treatment regarding personnel matters.

October 30, 2006, Plaintiff applied for the Youth Treatment Unit Manager position with the DYRS.

November 2, 2006, Plaintiff had exit interview with Laurendy Armstrong, Supervisory Human Resource Specialist, at which time she was informed that [she] the Plaintiff would receive her last official pay check and payment for her annual leave on November 24, 2006.

November 24, 2006, Plaintiff did not receive pay for her annual leave, nor was annual leave accrued on Plaintiff's record for her last two weeks on the payroll. Plaintiff was removed from payroll on November 11, 2006. Plaintiff should have accrued six hours of annual leave and four hours of sick leave during period #24 ending 11/11/06. The Plaintiff's ending leave balance should reflect 56 hours of sick leave and 84 hours of annual leave. Plaintiff was told by Carol Brown, Human Resources Specialist for DYRS, she would not receive the pay for her annual leave for two additional pay periods. The plaintiff views this action as *continuously retaliatory*. The Plaintiff has the right to receive all wages and other compensation entitled to her by the effective date of termination. It is unjust and malicious for the DYRS to withhold the Plaintiff's wages and other compensation because she is no longer an employee.

November 24, 2006, Carol Brown, Human Resource Specialist for DYRS called Plaintiff stating that her name was not on the selection certificate, because [she] the Plaintiff did not submit her application by the first cut-off date. After Plaintiff informed Ms. Brown that she had a receipt for her application dated 10/30/06, Ms. Brown stated that she was looking at the Plaintiff's paperwork and it did not show her application dated for 10/30/06. The Plaintiff informed Ms. Brown that she wanted to see the papers [she] Ms. Brown was reviewing. Ms. Brown then stated to the Plaintiff *"... it doesn't matter...they're not going to hire you. Common sense should tell you, why would they hire you if they fired you?"* The Plaintiff views this behavior as *continuously retaliatory* on behalf of the DYRS. The Human Resource Specialist has the responsibility to be impartial and fair in matters relating to personnel actions. The DYRS, through the actions of its representative, Carol Brown has failed to adhere to the DC Code regarding Personnel.

Pursuant to § 1-601.02 (a) (1) (5) (7), (b) (1) (4) (5) ( **Purpose**), the DYRS has consistently and continuously interfered with the personnel process as mandated by the DC Code. The Plaintiff views the action of the DYRS in this matter as discriminatory.


III.    **The Plaintiff's Exceptions**

4

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
Addendum to Complaint
November 29, 2006

E.    **The Right to Due Process**

The Director deprived the Plaintiff of liberty without due process when he publicized the Plaintiff's termination. The *Fifth Amendment* prohibits the government for depriving an individual of liberty or property without due process. In the employment situation, discipline or discharge, can in some circumstances, constitute a deprivation of the employee's liberty or property interest. In such case the government must provide due process before firing or disciplining. Government employees' liberty interest in their job are involved if:

> 1.  **the way employees are disciplined or dismissed impugns their character as the result of a false characterization; and**
>
> 2.  **the stain on employees' character is made public.**

In determining whether government employees have property interest in their job, the courts look at whether there is a written or implied contract granting them a property interest in the job or if a statute gives them a property interest in the job. Because the actions of the DYRS give rise to their depriving the Plaintiff of her right to due process, the DYRS is obligated to adhere to the D.C. Code governing appeal procedures (§ 1-606.03 (a),(b), (c), (d) ). Therefore, this statue gives the Plaintiff a property interest in her job.

When liberty or property interests are at stake, the government must give the employee due process before taking away the interest. Due process requires that:

- employees be given notice of the reason for being discharged;

- a hearing be held at which employees are given the opportunity to present evidence in their behalf and to hear the evidence presented against them; and

- a decision be made by an impartial third-party decision-maker based on the evidence presented at the hearing.

According to the DPM, MSS employees have no appeal or grievance rights. This policy clearly deprives the Plaintiff of her right to due process. In this case, the Director and a committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, the Human Resource Manager/EEO

5

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
Addendum to Complaint
November 29, 2006

Officer, a Human Resource Specialist, and a consultant have deprived the Plaintiff of her right to due process when a) they decided that the Plaintiff should be terminated, b) they published defamatory statements about the Plaintiff, and c) they publicized the Plaintiff's termination throughout the agency.

Since the Director refused to meet with the Plaintiff regarding the decision to terminate her, and failed to act fairly with respect to the termination process, the Plaintiff can only construe the actions of DYRS to be malicious and retaliatory. The Director, failed to afford the Plaintiff her due process.

IV.    **Conclusions**

Therefore, the Plaintiff respectfully request that the Court correct this matter of wrongful termination and make the Plaintiff whole. The Plaintiff requests that she is awarded compensatory and punitive damages in the combined total of $950,000.00 for the defendants' misconduct and violations of public policy, and reinstatement of a career service status position within the agency for which she is qualified.

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772

Certificate of Service

Monika Wilson-Greene

. Plaintiff

V. Department of Youth Rehabilitation
Services, et al

- Defendant

On November 29, 2006, I mailed this ammended complaint
to all the lawyers in the case, (the plaintiff(s) and the defendant(s) who do
not have lawyers, are listed below:

1) Department of Youth Rehabilitation Services
1000 mt Olivet Road, NE
Washington, DC. 20002

2) Vincent Schiraldi - 1000 MT. Olivet Road, N.E.
Washington, DC. 20002

3) David Brown - 8300 Riverton Court
Laurel, MD 20724

4) Mark Schindler - 8300 Riverton Court
Laurel MD 20724

5) LaVern Evans - 8300 Riverton Court
Laurel, MD 20724

6) Dexter Dunbar - 8300 Riverton Court
Laurel, MD 20724

7) David J. Thomas - 8300 Riverton Court
Laurel, MD 20724

8) Cathy Onler - 8300 Riverton Court
Laurel, MD 20724

9) Lili Robinson - The Missouri Youth Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, MD 20772

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

0003420-06

Civil Actions no. ————

### MONIKA WILSON-GREENE,
**17007 Village Drive West**
**Upper Marlboro, Maryland 20772**

*Plaintiff*

v.

**Department of Youth Rehabilitation**
**Services,** ~~et al~~
Youth Services Center
1000 Mt. Olivet Road N.E.
Washington, D.C. 20002


**Vincent Schiraldi, Director**
Youth Services Center
1000 Mt. Olivet Road, N. E.
Washington, DC 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

RECEIVED
Civil Clerk's Office
NOV 2 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

and

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**D.J. Thomas, Deputy Superintendent of**
**Operations**
8300 Riverton Court
Laurel, Maryland 20724

**Pili Robinson, Senior Consultant**
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109

**Cathy Ohler, Human Resources Spec.**
8300 Riverton Court
Laurel, Maryland 20724

*Defendants*

*Monika Wilson Greene, Ph.D.*
*17007 Village Drive West*
*Upper Marlboro, Maryland 20772*


Mayor Anthony Williams
1350 Pennsylvania Avenue, N.W.
Rm. 419
Washington, DC 20004


November 20, 2006


RE:  **Suit Against the District of Columbia, Department of Youth Rehabilitation Services**


Dear Mayor Anthony Williams:

Pursuant to District of Columbia Code, I am notifying you that the attached summons, complaint, and initial order complies with SCR-Civil Rule 4(c) (1) (3) and Rule 4 (j) (1).


Respectfully,

Monika Wilson-Greene, Ph. D.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**FILED**

**November 20, 2006**

**MONIKA WILSON-GREENE,**
17007 Viilage Drive West
Upper Marlboro, Maryland 20772

*Plaintiff*

v.

**Department of Youth**
**Rehabilitation Services**

**Vincent Schiraldi,** in his official
capacity as Director for the Department of Youth
of Rehabilitation Services.

**David Brown,** in his official capacity as
Deputy Director for the Department of Youth
Rehabilitation Services.

**Department of Youth Rehabilitation**
**Services, et al**
Youth Services Center
1000 Mt. Olivet Road N.E.

Washington, D.C. 20002

**Vincent Schiraldi, Director**
Youth Services Center
1000 Mt. Olivet Road N. E.
Washington, DC 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**D.J. Thomas, Deputy Superintendent of**
**Operations**
8300 Riverton Court
Laurel, Maryland 20724

and

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

**Mark Schindler,** in his official capacity
as Chief of Staff.


**LaVern Evans,** in his official capacity
 as Superintendent of the Oak Hill Youth Center.


**Dexter Dunbar,** in his official capacity
as Deputy Superintendent of Treatment.


**D.J. Thomas,** in his official capacity as
Deputy Superintendent of Operations.


**Cathy Ohler,** in her official capacity of
Human Resources Specialist/Representative


**Pili Robinson,** in his official capacity of
Senior Consultant to the Department of Youth
Rehabilitation Services.

*Defendants*


**Pili Robinson, Senior Consultant**
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109

Cathy Ohler, Human Resources Specialist
8300 Riverton Court
Laurel, Maryland 20724

**Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al**
**November 20, 2006**

COMPLAINT

Plaintiff, Monika Wilson-Greene, complains of defendant, Department of Youth Rehabilitation Services, et al as follows:

1.  This court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as this action involves federal violations.

2.  Venue properly rests with this court, pursuant to 28 U.S.C. Section 1391(e), as the Defendant is an agency of the District of Columbia and the Plaintiff is a former employee of the Defendant.

PARTIES

3.  Pro se litigant, Monika Wilson-Greene (hereinafter "Plaintiff.

4.  The Defendant is the Department of Youth Rehabilitation Services, et al, (hereinafter "DYRS"), an agency of the District of Columbia.

5.  Plaintiff was terminated in mass firing with nine managers, terminating more than 33% of the management workforce at the Oak Hill Youth Center.

I.    Statement of the Case

This complaint is before the Superior Court of the District of Columbia on the grounds of wrongful termination. The Plaintiff contends that the Department of Youth Rehabilitation Services, et al terminated her employment for contacting the District of Columbia Metropolitan Police Department to file a complaint against a resident for assault, in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of 1935, anti retaliation laws, civil service laws, and a violation of the Worker Adjustment and Retraining Notification Act.

Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of $850,000.00, and reinstatement of a career service status position within the agency for which she is qualified.

The Plaintiff contends the termination to be a wrongful termination and that the defendants' actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory discharge, and defamation of the Plaintiff's character.

3

The termination decision as well as the inauspicious actions of the defendants have caused personal injury to the Plaintiff, causing emotional stress, economic losses, and other punitive damages, and for the reasons expressed below, the Plaintiff concludes that the Department of Youth Rehabilitation Services' charge upon which the termination decision was based is a wrongful termination.

Wrongful discharge actions for violating public policy can be premised on one of three grounds:
       a) Explicit legislative statements prohibiting discharge, discrimination or adverse treatment of employees who act in accordance with the statutory right or duty;

       b) "Legislative expression of policy" - for example, discharging an employee for refusing to violate the law during employment; or,

       c) Retaliatory discharge.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-3(a).

In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan Supreme Court resolved a conflict in the Court of Appeals and held that a claim of retaliatory discharge sounds in tort and not in contract. Consequently, the full tort remedies are available for a retaliatory discharge in violation of public policy.


II.      <u>Background and Director's Decision</u>

A.      <u>The Facts</u>

      The facts, which are set forth in the Director's decision, are briefly summarized here. The Director terminated the Plaintiff on October 19, 2006, at approximately 12:45 p.m., for "no cause" and because the Plaintiff was classified as an at-will employee under the Management Supervisory Service (MSS).

David Brown, Deputy Directory of DYRS, LaVern Evans, Superintendent of the Oak Hill Youth Center (OHYC), and Cathy Ohler, Human Resources Specialist / representative were present at time of termination.

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

October 11, 2006, the Plaintiff filed a complain with the D.C. Metropolitan Police Department after being physically assaulted by a youth in the custody of the DYRS,

October 19, 2006, Plaintiff received written notice of termination, effective November 3, 2006 signed by Vincent Schiraldi and a copy of an acknowledgement of termination letter signed by David Brown and Lavern Evans. Plaintiff was prohibited from returning to her work site to retrieve her personal property, and asked to turnover all DYRS' keys and property. The Plaintiff responded accordingly. Plaintiff was informed by Cathy Ohler that the termination was neither grievable nor appealable.

At the time of the termination, Plaintiff asked David Brown, LaVern Evans, and Cathy Ohler, what process took place selecting the Plaintiff to be terminated. David Brown stated that "the termination was not adversarial, that it was at the will of the Director". LaVern Evans replied that "he did not know why the Plaintiff was being terminated". Cathy Ohler responded, that "DYRS does not have to have a reason, termination is at the will of the Director, and if the Director so desires, he can decide that he does not like the color a employee is wearing and terminate them for that reason."

October 19, 2006, the Plaintiff and Linda Cruz-Packer, former employee terminated during the October 19, 2006 mass firing, made a three-way call to Vincent Schiraldi on his cell phone (202-369-7171) requesting an exit interview, requesting an explanation for the terminations and a description of the process he used to determine whom to terminate at-will. The Director responded " I am aware of the terminations, I approved them. I will contact you if Mark Schindler tells me it is necessary to meet with you for an exit interview."

October 19, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff at the OHYC the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff failed to follow the direction the Director was taken the agency.

October 20, 2006 Plaintiff requested a copy of official personnel file.

October 20, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff in a town hall meeting, that the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff failed to follow the direction the Director was taken the agency.

October 20, 2006, the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted the District of Columbia City Council, informing them of the mass firing that took place on October 19, 2006.

October 21, 2006, the Plaintiff requested a meeting with the Director to discuss the process he used in deciding to terminate the Plaintiff.

October 23, 2006, Councilmember Marion Barry requested an explanation form Director Schiraldi of the rationale for the mass firing on October 19, 2006.

October 24, 2006 (on or about), Mark Schindler, Chief of Staff, in response to Councilmember Barry's request, reported via telephone, to E. Faye Williams, Esq., then Chief of Staff for Councilmember Barry, that *the Plaintiff was terminated because she was incompetent and rarely came to work.*

October 25, 2006, Mayor Elect and Chairman of the Human Services Committee, Adrian Fenty, requested an investigation of the rationale for the mass firings on October 19, 2006.
October 25, 2006 (on or about), the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted Judge Herbert Dixon, overseer of the Jerry M. Consent Decree that the DYRS is governed by in part, informing him of the mass firing that took place on October 19, 2006 that places the DYRS out of compliance with the consent decree.

October 26, 2006, Director responded to Plaintiff's request via email, denying the Plaintiff's request for a meeting and suggesting that he had spoken with several staff, residents, and their families about the Plaintiff's performance as it relates to progress at the OHYC, and used this information in part, as the basis for his decision to terminate the Plaintiff.

November 2, 2006, the Plaintiff met with Laurendy Armstrong, Supervisory for D. C. Office of Peronnel.  Ms. Armstrong gave Plaintiff a sealed package containing her official personnel file.

B.    The Director's Decision

The Director reports that he concurred with the recommendation of Superintendent Evans.

The Director reported via termination letter that he terminated the Plaintiff in accordance with §3818 of the District Personnel Manual (DPM); via Chief of Staff as a result of the Plaintiff's incompetence and failure to report to work; and via direct email as a result of numerous reports of the Plaintiff's poor performance and progress at OHYC.  The reasons cited by the DYRS for the Plaintiff's termination are ambiguous and violate the D.C. Official Code, numerous employment laws, and several of the DYRS policies. Therefore, it was impossible for the Plaintiff to receive fair and unbiased treatment through the termination process implemented by the Director.

The Director identified performance issues and attendance issues as reasons, in part, for

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

terminating the Plaintiff. The Director failed to provide any documented proof of poor performance of the Plaintiff in her official capacity of Supervisory Correctional Officer/Unit Manager. The Plaintiff enforced policy where conduct of the residents were out of compliance. In addition the Plaintiff has not missed a day from work since her hire. Therefore, the validity of what is alleged by the DYRS depends on credibility and motivation.

The Director failed to follow the parameters of the performance management program, D.C. Official Code § § 1-609.51 through 1-609.58 (2001), which is the systematic process by which an agency involves its employees, as individuals and members of a group, in improving performance in the accomplishment of agency mission and goals (DPM 1402.1). Subsequently, the Director failed to a) Communicate and clarify organizational goals to employees; (b) Identify individual and, where applicable, team responsibilities and accountability for accomplishing organizational goals; (c) Identify and address developmental needs for individuals and, where applicable, teams; (d) Assess and improve individual, team, and organizational performance; (e) Use appropriate measures of performance as the basis for recognizing and rewarding accomplishments; and (f) Use the results of performance appraisal as a basis for appropriate personnel actions (DPM 1402.2a-f).

Further, as an employee of the District of Columbia government, the Plaintiff was never informed of any deficiencies in her work performance in a timely manner, throughout the rating period so that, to the extent possible, she is given an opportunity to overcome such deficiencies and improve her performance (DPM 1402.3a). Each supervisor shall complete a Performance Plan outlining what is expected for each covered employee (DPM 1406.1). The Plaintiff was not given a Performance Plan as dictated in the DPM. Therefore, the reason of poor performance is not valid if the DYRS has failed to identify and discuss with the Plaintiff performance competencies, and how each competency would relate to the Plaintiff's job. (DPM 1406.1 through 1409.3).

Based on the facts presented by the Plaintiff, the Plaintiff was in compliance and committed no wrong doings. Further, the inclusion of the stated events as a basis, in part, for the termination of the Plaintiff is not supported by any factual information of any wrong doing. Therefore, the Plaintiff contends that the termination of the Plaintiff was indeed a wrongful termination.

In respect to the Director's report of numerous meetings and debates regarding the Plaintiff's termination, the Plaintiff contends that the recommendations the Director reports of having received regarding the Plaintiff, are based upon the personal opinions and word of mouth of the Executive Management team, few staff, and few residents as opposed to fact. Further, the Director does not include any input from the Plaintiff, as logic, and *fair* employment practices dictate. Overall, the Director's decision to terminate the Plaintiff reflects the biased opinions and distorted interpretations of the Executive Management team. The Director has failed to show any documented proof of any alleged poor performance of the Plaintiff as it relates to the OHYC progress and program operations of the Plaintiff. Therefore, the Plaintiff contends that the termination decision executed by the Director is indeed a wrongful termination.

7

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

The Director further implies that he additionally spoke with line staff, cooks, maintenance workers, mental health staff, parents, and youth, regarding the Plaintiff's performance of her duties. The Plaintiff views this action as hostile and discriminatory. This action of the Director also suggests that the Director conducted an evaluation of the Plaintiff's performance in her official position of Supervisory Correctional Officer/Unit Manager and used the information gathered from the line staff, cooks, maintenance workers, mental health staff, parents, and youth, in part, as his basis for her termination.

The Plaintiff contends that when she accepted the offer of employment from DYRS, there was no statement or other indication of her being subjected to an evaluation of her performance by anyone other than her immediate supervisor (DPM 1412.3). Further, the Plaintiff was not given any other documentation or orientation, training, etc. that indicated the Director had the authority to evaluate an employee based upon the comments of any person he questioned about the employee's performance, nor is there any written documentation of this *policy/procedure* for evaluation, by anyone the Director selects, in the DPM. In addition, the Plaintiff is not aware of any other manager in the DYRS that has been evaluated by persons other than their immediate supervisor, and *the* evaluation used as a basis to determine if the manager should be terminated. This is discrimination and it contributed to the creation of a hostile work environment for the Plaintiff.

The fact that the Plaintiff does not have a current performance evaluation from the DYRS that reflects any deficiencies in program operations or management functions is evident that the Plaintiff's job performance is not the issue as implied by the DYRS. Therefore, the Plaintiff contends that the Director's decision to terminate her was malicious as well as discriminatory.

Therefore, the Plaintiff contends that the Director discriminated against her when he solicited comments and evaluations from the Plaintiff's staff, colleagues, and residents of her job performance with the intended purpose of using the results as a basis in part, for firing her. Further, this behavior warrants an in depth look into the rationality behind the decision to terminate the Plaintiff. The Director has violated the DC Human Rights Act and failed to act appropriately and in adherence to the *DPM* in making his decision to terminate the Plaintiff. Therefore the Plaintiff contends that the Director's termination decision was indeed a wrongful termination.

III.     The Plaintiff's Exceptions

A.     Discrimination

The Plaintiff contends that she was terminated for reporting a violation of the law. Specifically, the Plaintiff was physically assaulted by a youth in the custody of the DYRS on October 11, 2006, at which time she contacted the D.C. Metropolitan Police Department to file a formal

8

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

complaint. The Plaintiff as a government employee had the right *not to be* terminated without sufficient justification. The Plaintiff had the right not to be disciplined or fired based on speech that involves matters of public concern.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-3(a).

The National Labor Relations Act, to which the Court has "drawn analogies … in ot other Title VII contexts," *Hishon* v. *King & Spalding,* 467 U. S. 69 , n. 8 (1984), provides an illustrative example. Compare 29 U. S. C. §158(a)(3) (substantive provision prohibiting employer "discrimination in regard to … any term or condition of employment to encourage or discourage membership in any labor organization") with §158(a)(4) (retaliation provision making it unlawful for an employer to "discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter"); see also *Bill Johnson's Restaurants, Inc.* v. *NLRB,* 461 U. S. 731, 740 (1983) (construing anti-retaliation provision to "prohibi[t] a wide variety of employer conduct that is intended to restrain, or that has the likely effect of restraining, employees in the exercise of protected activities," including the retaliatory filing of a lawsuit against an employee); *NLRB* v. *Scrivener,* 405 U. S. 117, 121–122 (1972) (purpose of the anti-retaliation provision is to ensure that employees are " 'completely free from coercion against reporting' " unlawful practices).

When the Plaintiff accepted the offer of employment she considered it an implied covenant of good faith, fair dealing, and an expectation to work. However, the rights and obligations set forth in the DPM, §3818 Management Supervisory Service Part I has unresolved and/or ambiguous and conflicting policy regarding the rights and expectations of MSS employees.

The Director failed to act in good faith and follow procedures that are appropriate under the circumstances. There is such a thing called "investigative fairness," which involves listening to both sides and providing employees a fair opportunity to present their positions and to correct or contradict relevant statements prejudicial to their employment, without the procedural formalities of a trial.

Currently, MSS employees have no appeal or grievance rights. In this case, the Director formed a quasi-investigation committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, line staff, cooks, maintenance workers, mental health staff, residents and parents soliciting

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

[evaluative] information to be used as the basis for terminating the Plaintiff. An investigation of this severity leading to the ultimate termination of the Plaintiff warranted the investigative skills of a disinterested- designee in all fairness. The interviewing process appears to have been biased as implied by the Director in his response to the Plaintiff "*…I want to assure you that I gave it a great deal of consideration before endorsing this recommendation. In addition to those meetings, I'm sure you are aware that I am "inside the fence" frequently at Oak Hill, talking about progress there with line staff, middle-managers, cooks, maintenance workers, mental health staff, parents and youth, in addition to the superintendent and his deputies. I have a great many sources of information because I believe it is wrong to rely on just one or two sources".*

Since the Director refused to meet with the Plaintiff regarding the decision to terminate her, and act fairly with respect to the termination process, the Plaintiff can only assume that during the collection of information from his sources, he [the Director] asked open-ended, leading questions that elicited speculation and opinion, rather than facts. The Director, failed to inform the Plaintiff of the investigation into her job performance nor did he give the Plaintiff the opportunity to comment on what the investigation had revealed. The Defendant's actions were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

B.    <u>Retaliatory Discharge</u>

The Plaintiff contends that she was terminated for taking steps seeking to enforce her legal rights. The laws prohibiting discrimination in the work place also prohibit retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.

The Defendant's actions prohibited by the anti-retaliation provision of Title VII adversely affect the Plaintiff's compensation, terms, conditions, and privileges of employment.

Section 704(a) sets forth Title VII's anti-retaliation provision in the following terms:

> "It shall be an unlawful employment practice for an employer *to discriminate against* any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." §2000e–3(a) (emphasis added).

The anti-retaliation provision seeks to secure that primary objective by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees. The substantive provision

10

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

seeks to prevent injury to individuals based on who they are, *i.e.*, their status. The anti-retaliation provision seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct.

The Plaintiff was particularly vulnerable, however, when it came to making her complaint. The Plaintiff's economic livelihood depended on the Defendant, which held the authority to discipline and discharge her. Understandably, the Plaintiff was somewhat reluctant to stand up for her rights, or make the complaint, for fear that she would lose her job. Enforcing her rights includes filing a complaint with the agency that enforces the law.

Further, the Plaintiff has performed her job according to her employer's legitimate expectations. This is evident upon review of her personnel file, where there are no adverse or corrective actions, actions, no documentations of counseling for poor work performance, nor any documentation of abuse of leave and leave restriction. Any such documentation could be an indication of not meeting expectations. Despite meeting the employer's expectations, the Plaintiff has suffered a materially adverse employment action. In addition, the Plaintiff was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

Specifically, during or about the latter part of 2005, the Plaintiff filed a complaint against Shift Commander, Tyrone Bryant for sexual harassment and creating a hostile work environment for the Plaintiff. The Supreme Court on June 26,1998, made employers more liable for incidents of sexual harassment. Ruling on two sexual harassment cases, <u>Faragher v. City of Boca Raton</u>, and <u>Burlington Industries Inc. v. Ellerth</u>, the Supreme Court basically stated that the employer is responsible for the actions of the supervisor, even when the employer is unaware of the supervisor's behavior. An employer can no longer claim that they did not know about the sexual harassment because the employee did not inform them, nor can they claim that they were unaware of the supervisor's behavior.

The Plaintiff's complaint against the Shift Commander encompassed all the same elements and degree of severity as the investigation that led to the Plaintiff's termination. Yet, the deciding official, the Superintendent, decided that there was no basis for corrective or adverse action. The Shift Commander was instructed to apologize to the Plaintiff and later sent to sexual harassment training.

Ironically, the Superintendent, who is also named in a sexual harassment complaint against an employee is the same Superintendent who failed to act responsibly in the Plaintiff's sexual harassment complaint. The Plaintiff therefore contends, that the DYRS, et al violated its own employee rules in meting out the discipline.

Most rights are extended to all of an agency's employees. Making rights an individualized benefit, applicable to one employee but not others is technically infeasible because doing so

11

**Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al**
**November 20, 2006**

causes too great a violation of workers', employers', or society's sense of justice.

### C.    Defamation - Slander

The Plaintiff contends that the Director and Mark Schindler, Chief of Staff published a defamatory statement(s) of and concerning the Plaintiff, the statement(s) were false, the Director and Mark Schindler were both negligent in publishing the false and defamatory statement(s), and the Plaintiff has suffered actual injury/harm as a result of the publication.

During their meeting with the staff at the Plaintiff's work site, and in response to Councilmember Barry's request, the Director, and Mark Schindler, repeated defaming statements made to them as they gathered information from the "many resources" the Director proclaimed to have in the institution. These statements were/are defamatory because they hold the Plaintiff up to scorn, hatred, ridicule, and contempt in the minds of any considerable and respectable segment of the community.

The Director and Mark Shindler were negligent in publishing the defamatory statement(s). The defamatory statement(s)was/were published as a result of their failure to exercise the degree of care in ascertaining whether the information was true, false, or defamatory, that would be exercised by a reasonably prudent person in the same or similar circumstances. Under this standard, the Director and Mark Schindler were required to act reasonably in checking on the truth or falsity or the defamatory character of the statement(s) before publishing it.

The Plaintiff takes this issue of defamation very seriously. The Plaintiff is a professional psychologist and such defamatory statements have negatively effected her propensity for future earnings/work in her field. This was not a case to be determined in haste. There was no report of the presence or absence of time constraints against verification. A review of the information gathered to support the Director's decision, should reveal whether or not the persons comprised of the quasi-investigative committee have adequate note taking and research skills, as well as the clarity and reliability of the notes themselves, and reliability of the source of the information. These factors should be taken into consideration in determining whether the Director and Mark Schindler acted as a reasonably prudent person under the circumstances.

The Plaintiff contends that Mark Schindler's verbal report to Councilmember Barry's Chief of Staff is comprised of false statements that have damaged the Plaintiff's reputation.

### D.    Violation of Civil Service Laws

The Plaintiff is a civil services status employee protected against arbitrary discipline and discharge. The Plaintiff contends that she was hired under the civil service and have competed a

12

Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al
November 20, 2006

probationary period.  The status allows the Plaintiff to maintain her civil service retirement and
forego an additional probationary period. Therefore, the Plaintiff's civil service status dictates that
she be fired only for good cause.  This requires that the firing be based on work-related
considerations that promote the efficiency of government operations.


IV.    Conclusions

As a pro se litigant  the Plaintiffs need not be "exact." Haines v. Kerner 404 U.S. 519 (1972).
However, the Plaintiff  has been quite specific in alleging that the Defendant wrongfully
terminated her and utilized disinformation, public defamation of character, and intimidation, to
encourage public support for regulations under the color of which the  Defendant has deprived the
Plaintiff of rights and privileges guaranteed under the Constitution of the United States.

The actions of the Director may be deemed appropriate if the evidence points but one way and is
susceptible to no reasonable inferences which may support the Plaintiff's position.  Moreover, the
integrity of the investigation and the fairness of the termination decision are highly questionable.

The Director has failed to prove that the findings from his investigation are factual.  Further, the
actions of the Director were damaging toward the Plaintiff.  The Director violated the Plaintiff's
rights under the First Amendment, severely punished the Plaintiff for exercising her rights, and
published defamatory statement(s) about the Plaintiff that have caused her emotional distress.
More importantly, through examination of the Director's decision, the Plaintiff has discovered
that the Director's termination decision of the Plaintiff was also a result of her adhering to policy.
 In addition, the termination process was severely flawed.  It did not allow for a fair and unbiased
process to take place.  It was one-sided and described by some of the staff after attending the
meeting as a "set-up".  Subsequently, the Plaintiff's colleagues reported of their own will to the
Plaintiff that she was not one of the Superintendent's favorites.

An important fact to note is that the Director throughout his quest for information regarding the
Plaintiff's job performance, created a very hostile working environment for the Plaintiff.  Through
poor management decisions such as directly taking part in the information gathering process, and
allowing the Executive Managers to also take part in the information gathering process, the
residents quickly decided that they did not have to follow the direction of the staff at the
Plaintiff's work site, instead, they would take all their issues and concerns to the Superintendent
or the Director; and seeking information from the Plaintiff's colleagues and staff for the purpose
of using that information to terminate her.  This placed the Plaintiff at a clear disadvantage in
performing her duties.

The Director engaged in behavior that clearly discriminated and undermined the responsibility of
the Plaintiff and penalized her for adhering to the agency policy.  Moreover, about July 2006, the
Superintendent deceived the Plaintiff about her employment status stating that some people were

13

**Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al**
**November 20, 2006**

going to lose their jobs but she was not one of them. The Plaintiff was never afforded the opportunity to correct any complaints and allegations of poor performance.

The entire termination/investigative process was based on unethical practices. These actions, warrants the just resolution of compensatory and punitive damages for the Plaintiff.

Further, the DYRS, et al stated that the Plaintiff is incompetent and rarely came to work. This is a gross slandering of the character of the Plaintiff. The Plaintiff has documented as well as verbally reported, the illegal and unethical behavior of other management staff and submitted it to the Superintendent. It appears that the decision of termination only applies in cases where the Superintendent is the initiator of a complaint.

The Plaintiff believes that the Court has the exclusive functioning of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact. The line is drawn by the laws of logic.

Finally, the Plaintiff has documented proof to support all the statements made in this complaint. However, the law suggests that the burden of proof is not on the Plaintiff to her innocence, but on the employer to prove her guilt. In this country, the Plaintiff is presumed innocent until proven guilty. The DYRS et al has not supplied through any of the information given to the Plaintiff factual data that would support even a part of the termination decision.

Therefore, the Plaintiff respectfully request that the Court correct this matter of wrongful termination and make the Plaintiff whole. The Plaintiff requests that she be awarded compensatory and punitive damages in the combined total of $850,000.00 for the defendants misconduct and violations of public policy, and reinstatement of a career service status position within the agency for which she is qualified.

*Monika Greene*

17007 Village Drive West
Upper Marlboro, Md. 20772
x Monika Wilson-Greene

14

# Superior Court of the District of Columbia

## CIVIL DIVISION

Monika Wilson-Greene

_Plaintiff(s)_

vs.

Department of Youth Rehabilitation Services

et al

_Defendant(s)_

FILED
CIVIL ACTIONS BRANCH
NOV 2 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Case No. _____

## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now the Plaintiff, Monika Wilson-Greene and respectfully request this honorable court to allow them to proceed without prepayment of costs for the following reason(s):

The plaintiff is unemployed and without funds to pay for filing fees and other related court costs at this time.

| | |
|---|---|
| Printed name: Monika Wilson-Greene | Signature: |
| Address: 17009 Village Drive, West | Home phone no. 301 574-1434 |
| Upper Marlboro, MD 20772 | Business phone no. 202 580 2618 |

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed, postage prepaid, on _____, 20 _____,

To:

| | |
|---|---|
| Name: | Name: |
| Address: | Address: |

Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

Case: 2006 CA 008428 B

DKT: CIVAIFP

# Superior Court of the District of Columbia

## CIVIL DIVISION

Monika Wilson-Greene,
_____,
                                    *Plaintiff*

vs.                                        Civil Action No. _____

Department of Youth Rehabilitation Services,
_____, et al
                                    *Defendant*


## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1.  Are you presently employed? Yes_____ No__X__
    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

    Have applied for unemployment, waiting a decision.
    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

    October 19, 2006 - $3000 ℗
    _____


2.  Have you received within the past twelve months any money from any of the following sources?
    a.  Business, profession or form of self-employment?  Yes_____ No__X__
    b.  Rent payments, interest or dividends?  Yes_____ No__X__
    c.  Pensions, annuities or life insurance payments?  Yes_____ No__X__
    d.  Gifts or inheritance?  Yes_____ No__X__
    e.  Any other sources?  Yes_____ No__X__

    If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

    _____

    _____

    _____

    _____

Form CV(6)-694/Nov. 86                                        9-1473 wd-314

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT

Nov. 20, 2006
Date

_____
Jacket No.

### FINANCIAL STATEMENT

Monika Wilson-Greene                v.  Department of Youth Rehabilitation Services, et al

| NAME: Monika Wilson-Greene | SOCIAL SECURITY NO: 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 | OCCUPATION: |
|---|---|---|

NAME AND ADDRESS OF CURRENT EMPLOYER:

I claim _____ exemptions
for withholding tax purposes.

| INCOME INFORMATION* | | AVERAGE MONTHLY EXPENSES | |
|---|---|---|---|
| | | | Wife/Husband | Children |

| | | | | |
|---|---|---|---|---|
| 1. Monthly gross wages ..................... $ 0 | | Housing, etc | | |
| | | Rent/Mortgages.................. | $ 1560 | $ |
| 2. Less Mandatory Monthly Deductions: | | Utilities............................. | 180 | |
| Federal Income Tax...............$ | | Taxes................................. | 990 | |
| State Income Tax..................... | | Food | | |
| Retirement: | | Groceries/Household Supplies | 75 | |
| FICA........................... | | Meals Out............................ | 0 | |
| Social Security.................. | | Automobile | | |
| Medical Insurance................... | | Payment............................. | 0 | |
| Other...............................$ | | Gas/Oil.............................. | | |
| TOTAL..............................$ | | Repairs............................. | | |
| | | Insurance............................ | | |
| 3. Monthly Net Wages...................... $ 0 | | Tags.................................. | | |
| (Subtract Line 2 form line 1) | | | | |
| | | Life Insurance...................... | | |
| 4. Monthly income form all other sources | | (List beneficiaries) | | |
| (e.g., part time or overtime wages, fees | | | | |
| rents, dividends, commissions, unem- | | | | |
| ployment compensation, disability, | | | | |
| social security, retirement, interest, | | Health Insurance (not listed as | | |
| bonuses, etc.)........................ $ 0 | | income deduction) | | |
| 5. Less Other Mandatory Monthly Deductions: | | School          N/A | | |
| Federal Income Tax...............$ | | Tuition.............................. | | |
| State Income Tax..................... | | Supplies/Fees | | |
| Retirement: | | Child Care Expenses | | |
| FICA........................... | | To allow for employment/ | | |
| | | Education........................ N/A | | |
| Social Security.................. | | To allow for recreation........... | | |
| | | Lesson (e.g. music, dance, art).... | | |
| Medical Insurance................... | | Allowance......................... N/A | | |
| Other............................... | | Clothing/Uniforms................ N/A | | |
| TOTAL..............................$ | | Dry Cleaning/Laundry...... N/A | | |
| 6. Monthly Net Income form | | Medical Expenses................. 0 | | |
| All other sources..................... $ 0 | | (Unpaid by Insurance) | | |
| (Subtract Line 5 from Line 4) | | Charitable Contributions... 0 | | |
| 7. Total Monthly Net | | Recreation.......................... 0 | | |
| Disposable Income................. $ | | Vacations........................... 0 | | |
| Total Monthly Gross Income....... $ | | Miscellaneous....................... | | |
| 8. Total Monthly Gross Income............ $ 0 | | | | |
| (Add Lines 1 and 4) | | | | |
| SUMMARY | | Period Payments Required on Bills: | | |
| 9. Total Monthly Net | | N/A | | |
| Disposable Income................. $ | | | | |
| 10. Less Total Monthly Expenses......... $ | | | | |
| 11. Difference:........................... $ 0 | | Total Monthly Expenses............ $ 2785 | | |

*NOTE: If you are paid weekly, multiply your weekly gross wages by 4.3 to arrive at your monthly gross wage. If you are paid every two weeks multiply your bi-weekly...

# Superior Court of the District of Columbia

## CIVIL DIVISION

Monika Wilsm-Greene

_____

_____

                                    _Plaintiff(s)_

                    vs.

Department of Youth Rehabilitation
Services, et al

                                    _Defendant(s)_

Civil Action No. _____

```
F I L E D
CIVIL ACTIONS BRANCH
NOV 21 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC
```

Upon consideration of ____Monika W. Greene__ **ORDER** motion to proceed _in forma pauperis_, it is this __20__ day of ____November____, 20 06,

ORDERED that said motion is

☒ Granted, and the prepayment of court costs is hereby waived. for filing but Plaintiff shall notify court when her financial situation improves

☐ Denied without prejudice, on the grounds that through unemployment compensation or employment.

It is further ORDERED that

Copies to:




                                    Mary Ellen Albrecht
                                    JUDGE

CV-626/Nov. 02

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**I (a) PLAINTIFFS**

Monika Wilson-Greene
17007 Village Drive, West
Upper Marlboro, MD 20772

**DEFENDANTS**

Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTORNEYS (IF KNOWN)

LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [433298]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O **G.** *Habeas Corpus/ 2255* | O **H.** *Employment Discrimination* | O **I.** *FOIA/PRIVACY ACT* | O **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K.** *Labor/ERISA (non-employment)* | O **L.** *Other Civil Rights (non-employment)* | O **M.** *Contract* | O **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding    ⦿ 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1441 and 1446,,

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ ⌐‾‾‾‾‾‾‾¬ <br> JURY DEMAND: | Check YES only if demanded in complaint <br> YES ☐   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒   If yes, please complete related case form.

DATE  12/29/06    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.