## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Monika Wilson-Greene,** | ) | **Civil Action No.: 06-2262** |
| **17007 Village Drive West** | ) | |
| **Upper Marlboro, Maryland 20772** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Department of Youth Rehabilitation** | ) | |
| **Services,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants, Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler (hereinafter "defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(5), and/or F.R.C.P. 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's Complaint. As grounds therefor, the defendants state that:

1) Plaintiff failed to effectuate proper serve against the individually named defendants in accordance with Fed. P. Civ. R. 4.

2) Plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10;

3) Defendant Department of Youth Rehabilitation Services is *non sui juris*;

4) The individually named defendants cannot be held liable under Title VII;

5) Plaintiff has failed to exhaust her administrative remedies; and

6) Plaintiff cannot sustain a due process claim under the 5th amendment because she has no property interest or expectation of continued employment.

Accordingly, dismissal is appropriate against these defendants. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistants Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 724-7854; (202) 727-6295
leticia.valdes@dc.gov; leah.taylor@dc.gov;

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was mailed, first class, postage prepaid, this 19th day of January 2007, to:

Ms. Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772

_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                             )
 Monika Wilson-Greene         )    **Civil Action No.: 06-2262**
**17007 Village Drive West**      )
**Upper Marlboro, Maryland 20772**  )
                             )
        **Plaintiff,**         )
                             )
        **v.**             )
                             )
**Department of Youth Rehabilitation**  )
**Services,** _et al._            )
                             )
        **Defendants.**       )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In support of their motion to dismiss plaintiff's Complaint, defendants state as follows:

### *BACKGROUND*

On or about November 21, 2006, plaintiff filed a complaint against the defendants claiming that her civil rights were violated when she was terminated on October 19, 2996, as an at-will Management Supervisory Service employee with the Department of Youth Rehabilitation Services (hereinafter "DYRS"). See Complaint, at pg. 4 and Plaintiff's Amendment to Civil Complaint, generally. The Complaint is not set forth in numbered paragraphs. See Complaint, generally. Plaintiff specifically alleges that she was discriminatorily terminated and the subject of retaliatory discharge because she reported an inmate assault and previously filed a sexual harassment complaint. Complaint, at pgs 10-11. Plaintiff also alleges that she was defamed when DYRS officials made statements concerning her termination. Complaint, at pg. 12. Lastly, plaintiff alleges that DYRS violated civil service laws, which plaintiff encompasses in

her 5th amendment due process violation claim because of her termination. See Complaint, generally, and Plaintiff's Amendment to Civil Complaint, generally.  .

On or about December 5, 2006, plaintiff filed affidavits of service for all defendants. Those affidavits reflect that on or about November 29, 2006, plaintiff attempted to serve the defendants with a summons and complaint via certified mail. The defendants were not personally served and the individuals who signed the certified mail receipts did not have the authority to accept service on behalf of the defendants. See attached affidavits.

As set forth below, these defendants are entitled to dismissal of plaintiff's Complaint for the following reasons:  (1) plaintiff failed to properly serve the individually named defendants with her Summons and Complaint in accordance with Rule 4; (2) plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10; (3) plaintiff may not maintain her lawsuit against defendant Department of Youth Rehabilitation Services because the agency is *non sui juris;* (4) the individually named defendants cannot be held liable for civil rights violations under Title VII, (5) plaintiff has failed to state a claim for a 5th amendment due process violation; and (6) plaintiff has failed to exhaust her administrative remedies.

## *ARGUMENT*

**A.**     **Standard for Motion to Dismiss.**

1.     Dismissal Pursuant to Fed. P. Civ. R. 12(b)(5).

Fed. P. Civ. R 12 provides that the following defenses may be made at the option of the pleader by motion:  (5) insufficiency of service of process.  Dismissal is appropriate if the evidence shows that plaintiff's service of process was insufficient.  *See Light v. Wolf,* 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations omitted); *Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003, holding, "[t]he party on whose behalf service is made

has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."

    2.      Dismissal Pursuant to Fed. P. Civ. R. 12(b)(6).

A motion to dismiss pursuant to Fed. P. Civ. R. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

**B.**    <u>**Plaintiff Has Failed to Effectuate Proper Service**</u>.

On or about December 29, 2006, the defendants removed this case from the Superior Court of the District of Columbia pursuant to 42 U.S.C. §§ 1441, and 1446. See Docket Entry #1. Section 1446(b) provides that "the notice of removal…shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." These defendants received notice of the Complaint but were not properly served. Pursuant to the

3

express language of Fed. R. Civil P. 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order.  The language of Fed. R. Civ. P. 4(e)(2), setting forth the elements of proper service on an individual within the United States is unambiguous in its mandate. According to the statute, service may be effected on an individual within the United States by delivering ""a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process."  The statute sets forth precisely what steps must be taken to properly serve an individual defendant within the United States.  Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2).  The defendants were not personally served, nor was an authorized agent of the defendants served. See attached affidavits.[1]  It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*,

---

[1] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S. App. D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 90 U.S. App. D.c. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment." *See Nix v. Fulton Lodge No. 2, International Association of Machinists*, 452 F.2d 745, 279 (5th Cir. 1971); *cert. denied*, 406 U.S. 946 (1972), note 3.

4

866 A.2d 786 (D.C. 2004). Plaintiff's failure to properly serve the named defendants in this litigation requires dismissal of her court action against these defendants.

**C.**   **Plaintiff's Complaint Fails to Comport With Fed. P. Civ. R. 10, and Dismissal Is Appropriate.**

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…." "Each claim founded upon a separate transction or occurrence … **shall** be stated in a separate count…whenver a separation facilities the clear presentation of the matters set forth." (Emphasis added.)

As set forth above, the language contained in Rule 10 is mandatory. Plaintiff filed a 14-page Complaint. While the initial averments are set forth in numbered paragraphs, the bulk of the Complaint is not and does not satisfy the requirements of Rule 10. See Complaint, pages 3-14. Therefore, dismissal of the Complaint is warranted because plaintiff failed to comply with Rule 10.

**D.**   **Defendant Department of Youth Rehabilitation Services is Non *Sui Juris* and Dismissal of Plaintiff's Complaint Against This Defendant is Appropriate.**

Plaintiff has named the Department of Youth Rehabilitation Services (hereinafter "DYRS") as a defendant in the instant lawsuit. In this jurisdiction, it has been held generally that bodies within the District of Columbia government are simply not suable as separate entities absent statutory provisions for it to sue and be sued. *See, e.g., Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976), (holding Board of Higher Education not a suable entity (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974), (holding Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987), (holding Fire Department, the Board of Police and Fire Surgeons, and the Police

5

and Fire Clinic are not *sui juris* entities).  District of Columbia Official Code § 2.1515.02 established the Department of Youth Rehabilitation Services as a separate Cabinet-level agency, subordinate to the Mayor, and within the executive branch of the government of the District of Columbia.  It was not vested with the power to sue or be sued.  Because DYRS is not suable as a separate entity, plaintiff's lawsuit as against DYRS must be dismissed.

**E**.    **Individually Named Defendants Cannot Be Held Liable Under Title VII Violations.**

Plaintiff has filed discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 against the individually named defendants.  See Complaint, generally.  These defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII.  *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII).  Accordingly, plaintiff's Title VII claims against these defendants must be dismissed.

**F**.    **Plaintiff Has No 5th Amendment Due Process Claim As An At-Will Employee.**

Plaintiff claims that the civil service laws were violated and she was deprived of her property interest under the 5th amendment when she was terminated in her managerial position without due process. To sustain a 5th amendment due process claim, the plaintiff must establish that she has a legitimate expectation of continued employment. *Hall v. Ford*, 272 U.S. App. D.C. 301, 856 F.2d 255, 265 (D. C. Cir. 1988).  As plaintiff correctly notes, she was classified as an at-will, managerial employee, with no appeal or grievance rights. See complaint, at pg.4.  The

plaintiff cannot establish that she had a "property interest" or expectation of continued employment as an at-will employee, and therefore she can maintain a 5th Amendment Due Process Claim against these defendants. Accordingly, dismissal is appropriate.

**G.    Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

Plaintiff avers that she was terminated on or about October 19, 2006. It is well settled that plaintiffs are required to exhaust their administrative remedies as a condition precedent to filing a Title VII lawsuit because it "provides the charged party with notice of the claim and helps narrow the issues for prompt adjudication and decision" for the resolution of disputes. *See Mack v. Strauss*, 134 F. Supp 2d 103, 109 (D.D.C. 2001). A Title VII plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged discriminatory act. *See* 42 U.S.C. 2000e-5(e)(1). Plaintiff has not alleged or established that she filed a charge with the EEOC or the Office of Human Rights, or received a right to sue letter. Plaintiff's failure to exhaust her administrative remedies bars this federal court complaint.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____ _____

LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistants Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
 leticia.valdes@dc.gov;  leah.taylor@dc.gov;

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Monika Wilson-Greene,** | ) | **Civil Action No.: 06-2262** |
| **17007 Village Drive West** | ) | |
| **Upper Marlboro, Maryland 20772** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Department of Youth Rehabilitation** | ) | |
| **Services,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**O R D E R**

Upon consideration of the defendants' Motion to Dismiss Plaintiff's Complaint,

plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of

_____, 2007,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendants'

motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all named

defendants.

_____
JUDGE, United States District Court for the District of
Columbia

cc:    Leticia L. Valdes
       Assistant Attorney General
       441-4th Street NW,  6th Floor South
       Washington, DC  20001

       Ms. Monika Wilson-Greene
       17007 Village Drive West
       Upper Marlboro, Maryland 20772

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Monika Wilson-Greene,                            )
17007 Village Drive West                         )
Upper Marlboro, Maryland                         )
        Plaintiff,                        )
                              )
        v.                                )
                              )
Department of Youth                              )
Rehabilitation Services                          )
Youth Services Center                            )
1000 Mt. Olivet Road, N.E.                       )
Washington, D.C. 20002                           )
                              )
Vincent Schiraldi, Director                      )
10000 Mt. Olivet Road, N.E.                      )    Civil Action No.: 06-2262
Washington, D.C. 20002                           )
                              )
David Brown, Deputy Director,                    )
8300 Riverton Court                              )
Laurel, Maryland 20724                           )
                              )
Mark Schindler, Chielf of Staff                  )
8300 Riverton Court                              )
Laurel, Maryland 20724                           )
                              )
LaVern Evans, Superintendent                     )
8300 Riverton Court                              )
Laurel, Maryland 20724                           )
                              )
Dexter Dunbar, Deputy Superintendent             )
of Treatment                                     )
8300 Riverton Court                              )
Laurel, Maryland 20724                           )
                              )
D.J. Thomas, Deputy Superintendent               )
of Operations                                    )
8300 Riverton Court                              )
Laurel, Maryland 20724                           )

Cathy Ohler, Human Resources Specialist)
Representative                                              )
8300 Riverton Court                                        )
Laurel, Maryland  20724                                    )
                                                           )
Pili Robinson, Senior Consultant to the                    )
Department of Youth Rehabilitation                         )
The Missouri Youth Service Institute                       )
1906 Hayselton, Drive                                      )
Jefferson City, MO 65109                                   )
                    Defendants.                            )
                                                           )
_____         )

## AFFIDAVIT OF VINCENT SCHIRALDI

I, Vincent Schiraldi, hereby swear and affirm the following:

1.      That I am an adult over eighteen years of age, and am competent to
provide the information herein.

2.      I am a defendant in the matter of *Monika Wilson-Greene v. Department of
Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.      I have not been personally served with a copy of the summons and
complaint by the plaintiff, and I did not authorize anyone to accept service of process on
my behalf in the above captioned matter.

_____
Vincent Schiraldi

SWORN AND SUBSCRIBED before a Notary Public, this _18_ day of January, 2007.

_____
Notary Public, D.C.

My Commission Expires: _____

Dennis Lewis
Commission Expires, April 14, 2008

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monika Wilson-Greene,<br>17007 Village Drive West<br>Upper Marlboro, Maryland<br>      Plaintiff,<br><br>      v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No.: 06-2262<br>)<br>)<br>)<br>) |

Cathy Ohler, Human Resources Specialist)
Representative                          )
8300 Riverton Court                     )
Laurel, Maryland 20724                  )
                                        )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation      )
The Missouri Youth Service Institute    )
1906 Hayselton, Drive                   )
Jefferson City, MO 65109                )
                   Defendants.          )
_____ )

## AFFIDAVIT OF DAVID E. BROWN

I, David E. Brown, hereby swear and affirm the following:

1.     That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.     I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.     I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
David E. Brown

SWORN AND SUBSCRIBED before a Notary Public, this *18th* day of January, 2007.

_____ My Commission Expires: *Aug 18, 2008*
Notary Public, D.C.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Monika Wilson-Greene,                )
17007 Village Drive West             )
Upper Marlboro, Maryland             )
        Plaintiff,                   )
                               )
         v.                           )
                               )
Department of Youth                  )
Rehabilitation Services              )
Youth Services Center                )
1000 Mt. Olivet Road, N.E.           )
Washington, D.C. 20002               )
                               )
Vincent Schiraldi, Director          )      Civil Action No.: 06-2262
10000 Mt. Olivet Road, N.E.          )
Washington, D.C. 20002               )
                               )
David Brown, Deputy Director,        )
8300 Riverton Court                  )
Laurel, Maryland  20724              )
                               )
Mark Schindler, Chief of Staff       )
8300 Riverton Court                  )
Laurel, Maryland  20724              )
                               )
LaVern Evans, Superintendent         )
8300 Riverton Court                  )
Laurel, Maryland  20724              )
                               )
Dexter Dunbar, Deputy Superintendent )
of Treatment                         )
8300 Riverton Court                  )
Laurel, Maryland  20724              )
                               )
D.J. Thomas, Deputy Superintendent   )
of Operations                        )
8300 Riverton Court                  )
Laurel, Maryland  20724              )

Cathy Ohler, Human Resources Specialist)
Representative )
8300 Riverton Court )
Laurel, Maryland  20724 )
                                              )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
                        Defendants. )
                                              )
————————————————————  )

## AFFIDAVIT OF MARC SCHINDLER

I, Marc Schindler, hereby swear and affirm the following:

1.      That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.      I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.      I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Marc Schindler

SWORN AND SUBSCRIBED before a Notary Public, this _18_ day of January, 2007.

_____          My Commission Expires: _____
Notary Public, D.C.                                                        Dennis Lewis
                                                                                   Commission Expires, April 14, 2008

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monika Wilson-Greene, <br> 17007 Village Drive West <br> Upper Marlboro, Maryland <br> Plaintiff, <br><br> v. <br><br> Department of Youth <br> Rehabilitation Services <br> Youth Services Center <br> 1000 Mt. Olivet Road, N.E. <br> Washington, D.C. 20002 <br><br> Vincent Schiraldi, Director <br> 10000 Mt. Olivet Road, N.E. <br> Washington, D.C. 20002 <br><br> David Brown, Deputy Director, <br> 8300 Riverton Court <br> Laurel, Maryland  20724 <br><br> Mark Schindler, Chief of Staff <br> 8300 Riverton Court <br> Laurel, Maryland  20724 <br><br> LaVern Evans, Superintendent <br> 8300 Riverton Court <br> Laurel, Maryland  20724 <br><br> Dexter Dunbar, Deputy Superintendent <br> of Treatment <br> 8300 Riverton Court <br> Laurel, Maryland  20724 <br><br> D.J. Thomas, Deputy Superintendent <br> of Operations <br> 8300 Riverton Court <br> Laurel, Maryland  20724 | Civil Action No.: 06-2262 |

**Cathy Ohler, Human Resources Specialist)**
**Representative**                                        )
**8300 Riverton Court**                                   )
**Laurel, Maryland  20724**                               )
                                                          )
**Pili Robinson, Senior Consultant to the**               )
**Department of Youth Rehabilitation**                    )
**The Missouri Youth Service Institute**                  )
**1906 Hayselton, Drive**                                 )
**Jefferson City, MO 65109**                              )
                  **Defendants.**                         )
_____                 )

## AFFIDAVIT OF LAVERN EVANS

I, LaVern Evans, hereby swear and affirm the following:

1.     That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.     I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.     I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.


_____
LaVern Evans

SWORN AND SUBSCRIBED before a Notary Public, this *19th* day of January, 2007.

_____     My Commission Expires: _____
Notary Public, D.C.                                        JULIA JOHNSON
                                                  NOTARY PUBLIC DISTRICT OF COLUMBIA
                                                  My Commission Expires March 31, 2010

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Monika Wilson-Greene,                              )
17007 Village Drive West                           )
Upper Marlboro, Maryland                           )
        Plaintiff,                                )
                               )
        v.                                        )
                               )
Department of Youth                                )
Rehabilitation Services                            )
Youth Services Center                              )
1000 Mt. Olivet Road, N.E.                         )
Washington, D.C. 20002                             )
                               )
Vincent Schiraldi, Director                        )    Civil Action No.: 06-2262
10000 Mt. Olivet Road, N.E.                        )
Washington, D.C. 20002                             )
                               )
David Brown, Deputy Director,                      )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )
                               )
Mark Schindler, Chief of Staff                     )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )
                               )
LaVern Evans, Superintendent                       )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )
                               )
Dexter Dunbar, Deputy Superintendent               )
of Treatment                                       )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )
                               )
D.J. Thomas, Deputy Superintendent                 )
of Operations                                      )
8300 Riverton Court                                )
Laurel, Maryland 20724                             )

Cathy Ohler, Human Resources Specialist)
Representative                            )
8300 Riverton Court                      )
Laurel, Maryland  20724                  )
                                         )
Pili Robinson, Senior Consultant to the  )
Department of Youth Rehabilitation       )
The Missouri Youth Service Institute     )
1906 Hayselton, Drive                    )
Jefferson City, MO 65109                 )
                Defendants.              )
                                         )

## AFFIDAVIT OF DEXTER DUNBAR

I, Dexter Dunbar, hereby swear and affirm the following:

1.      That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.      I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.      I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Dexter Dunbar

SWORN AND SUBSCRIBED before a Notary Public, this *18*th day of January, 2007.

_____ My Commission Expires: *Aug 18, 2008*
Notary Public, D.C.

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Monika Wilson-Greene,       )
17007 Village Drive West     )
Upper Marlboro, Maryland    )
          Plaintiff,      )
                     )
        v.           )
                     )
Department of Youth        )
Rehabilitation Services      )
Youth Services Center      )
1000 Mt. Olivet Road, N.E.   )
Washington, D.C. 20002     )
                     )
Vincent Schiraldi, Director   )     Civil Action No.: 06-2262
10000 Mt. Olivet Road, N.E.  )
Washington, D.C. 20002     )
                     )
David Brown, Deputy Director, )
8300 Riverton Court       )
Laurel, Maryland 20724     )
                     )
Mark Schindler, Chielf of Staff )
8300 Riverton Court       )
Laurel, Maryland 20724     )
                     )
LaVern Evans, Superintendent  )
8300 Riverton Court       )
Laurel, Maryland 20724     )
                     )
Dexter Dunbar, Deputy Superintendent )
of Treatment           )
8300 Riverton Court       )
Laurel, Maryland 20724     )
                     )
D.J. Thomas, Deputy Superintendent )
of Operations          )
8300 Riverton Court       )
Laurel, Maryland 20724     )

Cathy Ohler, Human Resources Specialist)
Representative                                      )
8300 Riverton Court                           )
Laurel, Maryland  20724                   )
                                                         )
Pili Robinson, Senior Consultant to the  )
Department of Youth Rehabilitation    )
The Missouri Youth Service Institute   )
1906 Hayselton, Drive                       )
Jefferson City, MO 65109                  )
                    Defendants.                 )
                                                         )
_____   )

### AFFIDAVIT OF D.J. THOMAS

I, D.J. Thomas, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
D.J. Thomas

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

_____    My Commission Expires: *Aug 18, 2008*
Notary Public, D.C.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Monika Wilson-Greene,                           )
17007 Village Drive West                        )
Upper Marlboro, Maryland                        )
        Plaintiff,                      )
                          )
        v.                              )
                          )
Department of Youth                             )
Rehabilitation Services                         )
Youth Services Center                           )
1000 Mt. Olivet Road, N.E.                      )
Washington, D.C. 20002                          )
                          )
Vincent Schiraldi, Director                     )        Civil Action No.: 06-2262
10000 Mt. Olivet Road, N.E.                     )
Washington, D.C. 20002                          )
                          )
David Brown, Deputy Director,                   )
8300 Riverton Court                             )
Laurel, Maryland  20724                         )
                          )
Mark Schindler, Chielf of Staff                 )
8300 Riverton Court                             )
Laurel, Maryland  20724                         )
                          )
LaVern Evans, Superintendent                    )
8300 Riverton Court                             )
Laurel, Maryland  20724                         )
                          )
Dexter Dunbar, Deputy Superintendent            )
of Treatment                                    )
8300 Riverton Court                             )
Laurel, Maryland  20724                         )
                          )
D.J. Thomas, Deputy Superintendent              )
of Operations                                   )
8300 Riverton Court                             )
Laurel, Maryland  20724                         )

Cathy Ohler, Human Resources Specialist )
Representative                          )
8300 Riverton Court                     )
Laurel, Maryland  20724                 )
                                        )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation      )
The Missouri Youth Service Institute    )
1906 Hayselton, Drive                   )
Jefferson City, MO 65109                )
                Defendants.             )
_____ )

## AFFIDAVIT OF CATHERINE OHLER

I, Catherine Ohler, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Monika Wilson-Greene v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2262.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

Catherine Ohler

SWORN AND SUBSCRIBED before a Notary Public, this _18th_ day of January, 2007.

Notary Public, DC.    My Commission Expires: _Aug 18, 2008_

2