UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monika Wilson-Greene, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2262 (RJL) |
| | ) |
| Department of Youth Rehabilitation Services, et al., | ) |
| | ) |
| Defendants. | ) |

## PRAECIPE

The Clerk of the Court will please enter the appearance of Andrew T. Wise, Bar No. 456865, on behalf of the defendant, Pili Robinson.

Pursuant to an instruction obtained from the Clerk of the Court, counsel respectfully informs the Court that on December 26, 2006, prior to this case's removal to this Court from the Superior Court for the District of Columbia, counsel filed a Motion to Dismiss Complaint. A copy of that Motion is included with this Praecipe as Attachment A.

Respectfully submitted,

/s/ Andrew T. Wise
Andrew T. Wise, #456-865
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Fax: (202) 626-5801
Attorney for Pili Robinson

672657.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Praecipe was mailed, first class, postage prepaid, this 19th day of January, 2007, upon each of the parties listed below:

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, MD 20772

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

_____
Andrew T. Wise

672657.1

**ATTACHMENT A**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene

   Plaintiff

v.

Department of Youth Rehabilitation
Services, et al.

   Defendants

Civil Action No. 2006 CA 8420B
Calendar 13 -- J. Wright

RECEIVED
Civil Clerk's Office
DEC 26 2006
Superior Court of the
District of Columbia
Washington, D.C.

## MOTION TO DISMISS COMPLAINT

Defendant, PILI ROBINSON, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Rules 12(b)(5) and (6) of the District of Columbia Rules of Civil Procedure, to dismiss the complaint against him in the above-captioned matter. The points and authorities in support are set forth in the accompanying memorandum.

Respectfully Submitted,

_____
Andrew T. Wise, #456-865
Counsel for PILI ROBINSON

MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Fax: (202) 626-5801

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to the following parties, this 26th day of December, 2006:

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, MD 20772

Department of Youth Rehabilitation Services
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

Vincent Schiraldi
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

David Brown
8300 Riverton Court
Laurel, MD 20724

Mark Schindler
8300 Riverton Court
Laurel, MD 20724

LaVern Evans
8300 Riverton Court
Laurel, MD 20724

Fitzgerald Fant
8300 Riverton Court
Laurel, MD 20724

D.J. Thomas
8300 Riverton Court
Laurel, MD 20724

Dexter Dunbar
8300 Riverton Court
Laurel, MD 20724

_/s/ Andrew T. Wise_
Andrew T. Wise

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Monika Wilson-Greene       :
                           :
         Plaintiff         :
                           :
                           :   Civil Action No. 2006 CA 8420B
    v.                     :   Calendar 13 -- J. Wright
                           :
                           :
Department of Youth Rehabilitation :
Services, et al.           :
                           :
         Defendants        :

ORDER

It is hereby ORDERED, this _____ day of _____, 200_____, that the Motion to Dismiss the Complaint filed on behalf of defendant PILI ROBINSON is GRANTED.

                                          _____
                                          The Honorable Melvin R. Wright
                                          Associate Judge

Copies to:

Andrew T. Wise
Miller & Chevalier Chartered
655 15th St., N.W.
Suite 900
Washington, D.C. 20005-5701

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, MD 20772

Department of Youth Rehabilitation Services
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

Vincent Schiraldi
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

David Brown
8300 Riverton Court
Laurel, MD 20724

Mark Schindler
8300 Riverton Court
Laurel, MD 20724

LaVern Evans
8300 Riverton Court
Laurel, MD 20724

Fitzgerald Fant
8300 Riverton Court
Laurel, MD 20724

D.J. Thomas
8300 Riverton Court
Laurel, MD 20724

Dexter Dunbar
8300 Riverton Court
Laurel, MD 20724

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| Monika Wilson-Greene | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 2006 CA 8420B |
| | : | Calendar 13 -- J. Wright |
| Department of Youth Rehabilitation Services, et al. | : | |
| Defendants | : | |

### MEMORANDUM OF POINTS AND AUTHORITES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, PILI ROBINSON, through undersigned counsel, submits the following points and authorities in support of his motion to dismiss the complaint in the above-captioned case:

1. Plaintiff filed a complaint alleging, *inter alia*, wrongful discharge and defamation. ("Complaint"). In an amendment to the Complaint filed November 29, 2006, the plaintiff added allegations that she has been wrongfully deprived of wages and other compensation following her termination. ("Amended Complaint").

2. Both the Complaint and the Amended Complaint were mailed to Mr. Robinson at a Jefferson City, Missouri business address for the Missouri Youth Service Institute. Neither of the Complaints nor the initial order and summons for Mr. Robinson were served upon Mr. Robinson.

3. The plaintiff's allegations arise out of her prior at-will employment by the District of Columbia government.

4. The defendants include the Department of Youth Rehabilitation Services (DYRS) and a number of individual District of Columbia government officials affiliated either with the Oak Hill Youth Center (OHYC) and/or DYRS.

5. Mr. Robinson is identified in the case caption as a "senior consultant" affiliated with the Missouri Youth Service Institute in Jefferson City, Missouri. The Complaint does not allege that Mr. Robinson was employed by the District of Columbia, DYRS, or OHYC.

6. The plaintiff alleges that the decision to terminate her employment was made by DYRS. She does not allege that Mr. Robinson held any position of authority with DYRS or that he had decision making authority with regard to plaintiff's termination. The only suggestion in the complaint of Mr. Robinson's connection to the plaintiff's termination is a vague statement that the DYRS director "formed a quasi-investigation committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, the Senior Consultant, line staff, cooks, maintenance workers, mental health staff, residents and parents, soliciting [evaluative] information to be used as the basis for terminating the Plaintiff." Complaint at 9-10.

7. The plaintiff alleges that the defamatory statements were made by persons other than Mr. Robinson and does not allege that Mr. Robinson caused those statements to be made. Complaint at 12.

8. Finally, the Complaint asserts that the alleged violations sound in tort rather than contract. Complaint at 4. To the extent that such a distinction is read to further define any claims against Mr. Robinson, the plaintiff fails to articulate (1) what duty, if any, Mr. Robinson owed to the plaintiff, (2) what actions, if any, Mr. Robinson is alleged to have taken that constitute a breach of that duty, and (3) how damages flow a breach of such duty.

I.  The Complaint should be dismissed pursuant to Superior Court Civil Rule 12(b)(5) for insufficiency of service of process.

It is the obligation of the plaintiff to serve a copy of the summons, along with the complaint and initial order, upon each defendant. Super. Ct. Civ. R. 4(c) The liberal provisions of Rule 4 of the Superior Court Rules of Civil Procedure permit service to be made upon a competent individual by personal delivery, by delivery to a defendant's place of abode, or by delivery to an agent authorized by appointment or by law to review service. Super. Ct. Civ. R. 4(d)(1). Delivery to a defendant's place of business does not fall into any of the categories set forth in Rule 4(d)(1) and thus is not a manner prescribed by the Rules. *Leichtman v. Koons*, 527 A.2d 745 (1987). By mailing the summons, initial order, and Complaints in the above-captioned matter to Mr. Robinson's place of business, the plaintiff has failed to sufficiently serve Mr. Robinson with process.

A complaint may be dismissed for insufficiency of service of process. Super. Ct. Civ. R.12 (b)(5). Given the lack of proper service in the instant case, the Court should dismiss the complaint against Mr. Robinson.

II. The Complaint should be dismissed pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

A.  *Legal standard.*

Superior Court Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim. Dismissal is warranted when "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Cauman v. George Washington University*, 630 A.2d 1104, 1105 (D.C. 1993), *citing Klahr v. District of Columbia*, 576 A.2d 718, 721 (D.C. 1990)(internal citations omitted.) In this case, the plaintiff has compiled a laundry list of allegations against DYRS and individual DYRS

officials and employees. Mr. Robinson, referred to as a "senior consultant" for an out-of-state Institute, is mentioned only tangentially through the body of the complaint and is not associated with any of the allegedly wrongful acts that underlie the plaintiff's complaints of legal harm. Accordingly, the Court should dismiss the complaint against Mr. Robinson because even construing the complaint in the light most favorable to the plaintiff and taking the facts alleged in the complaint as true, the complaint fails to plead sufficient facts to establish any liability of Mr. Robinson particularly. *Casco Marina Dev., L.L.C. v. D.C. Redevelopment Land Agency*, 834 A.2d 77, 81 (D.C. 2003)(discussing standard for court's Rule 12(b)(6) analysis.)

    B.    *The Complaint does not allege that Mr. Robinson was the plaintiff's employer or made the challenged decision to terminate her employment.*

The Complaint's core allegation is that the plaintiff was wrongly terminated from her job at OHYC. Complaint at 3-12, 13-14. The plaintiff states that the decision was made by the DYRS director, in concurrence with the recommendation of the DYRS superintendent. Complaint at 6. Nowhere in the Complaint does the plaintiff allege that Mr. Robinson was the plaintiff's "employer" or that he was, in any way, vested with decision-making authority regarding her continued employment by the District of Columbia.

It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all. *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 30 (D.C. 1991), citing *Wemhoff v. Investors Management Corp.*, 528 A.2d 1205, 1208 n.3 (D.C. 1987); *Taylor v. Greenway Restaurant, Inc.*, 173 A.2d 211 (D.C. 1961); *Pfeffer v. Ernst*, 82 A.2d 763, 764 (D.C. 1951) (internal citations omitted). This broad rule is bounded by considerations of public policy, *Carl v. Children's Hosp.*, 702 A.2d 159 (D.C. 1997), and Constitutional rights. *Leonard v. District of Columbia*, 794 A.2d 618 (D.C. 2002). It is foreseeable that this Court will be called upon to analyze these issues in relation to the

plaintiff's claims against some of the defendants named in the instant case. However, that analysis is not necessary in order to evaluate the claim against Mr. Robinson, because the plaintiff does not allege, nor could she plausibly, that Mr. Robinson made the decision to terminate her employment or held any position of authority in that decision-making process.

It is axiomatic that the plaintiff must tie an alleged wrong to a particular defendant. Even under the liberal "notice pleading" standard embodied in Super. Ct. Civ. R. 8(a)(2), "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 660 *citing Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Identifying the party liable for a particular wrong is one of the most fundamental requirements for an adequately pleaded claim. *Id. citing Elmore v. Stevens*, 824 A.2d 44 (D.C. 2003).

In *Elmore*, the plaintiff sued a hospital, doctor, registered nurse, and resident alleging wrongful termination. *Id.* at 45. The Court found that construing the pro se complaint liberally, it could be read to attempt to assert claims for relief against Elmore based on defamation and/or intentional infliction of emotional distress. *Id.* at 46. But it also held that the complaint was "woefully inadequate even tested as a pro se one" because it failed to allege that the defendant did anything connected to the plaintiff's claims. *Id.*

Review of the Complaints in this case compels the same conclusion. The statutes cited by plaintiff and the cases referenced in connection with those statutes, all refer to prohibited actions by an "employer." It stands to reason that in order to prevail on a wrongful termination claim, a plaintiff must demonstrate some decision-making authority and role in the termination decision on the part of the defendant. Here, the plaintiff has not asserted any facts sufficient to

establish Mr. Robinson's liability in regard to the wrongful termination claim. Based upon this self-evident proposition, this Court should dismiss the complaint against Mr. Robinson pursuant to Superior Court Civil Rule 12(b)(6).

    C.    *The Complaint does not allege that Mr. Robinson made defamatory statements against her.*

The plaintiff also claims that she was injured by false and defamatory statements made about her. For reasons similar to those advanced in the preceding section, the Court should dismiss this section of the complaint against Mr. Robinson pursuant to Superior Court Civil Rule 12(b)(6) as well.

It is not clear that the plaintiff intended to include Mr. Robinson as a defendant in relation to the defamation claim. Notably, in the section of the complaint titled "Defamation - Slander", Mr. Robinson is not mentioned by name, by title, or by reference. The only reference to Mr. Robinson in connection with the plaintiff's vaguely-pleaded defamation allegations is a sentence in the amended complaint that reads "[i]n this case, the Director and a committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, the Human Resource Manager/EEO officer, a Human Resources Specialist, and a consultant have deprived the Plaintiff of her right to due process when ... they published defamatory statements about Plaintiff..." Amended Complaint at 5-6. Mere conclusory allegations, wholly unaccompanied by factual support, are insufficient to establish a genuine issue of material fact or to defeat the entry of summary judgment. *Kerrigan v. Britches of Georgetown, Inc.*, 705 A.2d 624, 629 (D.C. 1997) *citing Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C. 1991); *accord Spellman v. American Sec. Bank, N.A.*, 504 A.2d 1119, 1123-24 (D.C. 1986). In this case, the plaintiff's failure to

allege any facts in support of her summary allegation of defamation against Mr. Robinson should result in the dismissal of the complaint pursuant to Rule 12(b)(6).

The plaintiff does cite to statements allegedly made on October 19 and 20, 2006 to DYRS staff in a town hall meeting. Complaint at 5. But those statements also fail to support a claim of defamation against Mr. Robinson. The plaintiff does not allege that Mr. Robinson made the statements at the town hall meeting. Secondly, the statements cited by the plaintiff are not defamatory, even taken in a light most favorable to the plaintiff. In *Clawson v. St. Louis Post-Dispatch, LLC*, 906 A.2d 308 (D.C. 2006), the Court held that "a plaintiff bringing a defamation action . . . must show: (1) that the defendant[s] made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Id. citing Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001)(internal citations omitted). Moreover, the plaintiff must show that "an allegedly defamatory remark [was] more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous, or ridiculous.'" *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984) *see also Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 594 (D.C. 2000).

As related to Mr. Robinson, these tests are not met. There is no allegation in the complaint that the statements were made by Mr. Robinson, and regardless of the identity of the speaker, the words cited by the plaintiff were simply not the type of statements that either cause special harm or are actionable as a matter of law regardless of special harm. Finally, the plaintiff

cannot prevail on a negligence claim against Mr. Robinson for the reasons set forth in the section below.

  D. *To the extent that the Complaint is read to allege a tort against Mr. Robinson, it fails to establish the elements of negligence.*

Finally, the complaint contains a statement that the plaintiff's claims sound in tort rather than in contract. Complaint at 4. To the extent that the statement is read to suggest that the plaintiff is alleging an act of negligence by Mr. Robinson, the complaint still fails to state a claim against Mr. Robinson upon which relief could be granted because it omits the essential elements of a negligence claims. A negligence claim requires proof of a duty of care, breach of that duty, and injury proximately caused by that breach. *Haynesworth v. D.H. Stevens Co.*, 645 A.2d 1095, 1098 (D.C. 1994); *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). Therefore, a person is "liable to another only when he …owes [that person] some duty of care." *Kerrigan*, 705 A.2d at 629 *citing Lipnick v. United States*, 717 F. Supp. 902, 904 (D.D.C. 1989); *accord Williams v. Baker*, 572 A.2d 1062, 1064 (D.C. 1990)(en banc).

The plaintiff simply makes no allegation that Mr. Robinson owed her a duty of care, breached that duty, or that damages flowed from that breach. Nor could she, given the fact that Mr. Robinson was not an employee of the District of Columbia, DYRS, or OHYC. For many of the same reasons that the plaintiff has failed to state a claim for wrongful termination against Mr. Robinson, she has also failed to establish any of the elements that are required to maintain a negligence claim.

  E. *Summary*

For all of the reasons set forth in this section, the Court should dismiss the Complaint against Mr. Robinson pursuant to Superior Court Civil Rule 12(b)(6). Even reading the

Complaint in the light most favorable to plaintiff, it simply fails to state a claim upon which relief could be granted.

## CONCLUSION

Plaintiff suggests that as a pro se litigant, she "need not be 'exact.'" Complaint at 13. But the fact that the plaintiff is a pro se litigant does not immunize meritless allegations against innocent individuals. And it does not obligate the Court to invent valid claims out of frivolous accusations. *Elmore*, 824 A.2d at 46 *citing Vaughn v. United States*, 579 A.2d 170, 176 (D.C. 1990)("A court's duty to construe a pro se complaint liberally does not permit a court to uphold completely inadequate complaints."); *see also McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)("[The court's] duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations.") The plaintiff has tacked Mr. Robinson's name onto the end of a list of defendants and then wholly failed to allege facts that support any claim against Mr. Robinson. This Court should dismiss Mr. Robinson from this case.

WHEREFORE, for the foregoing reasons, defendant PILI ROBINSON moves this Honorable Court, pursuant to Superior Court Civil Rules 12(b)(5) and 12(b)(6) to dismiss the Complaint.

Respectfully Submitted,

_____
Andrew T. Wise, #456-865
Counsel for PILI ROBINSON

MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Fax: (202) 626-5801