RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JAN 31  PM 4: 44

NANCY M.
MAYER-WHITTINGTON
CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONIKA WILSON-GREENE, | ) | |
| 17007 Village Drive West | ) | C.A. No.:  06-2262 (RJL) |
| Upper Marlboro, Maryland 20772 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Department of Youth Rehabilitation , | ) | |
| Services, *et al* | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO

## DEFENDANT'S  MOTION TO DISMISS COMPLAINT

The plaintiff, MONIKA WILSON-GREENE, hereby strongly opposes the January 19, 2007

motion of the defendants' put forth to dismiss the above complaint against them pursuant to Civ. P,

Rule 12(b)(5)(6) and other arguments, filed by Assistants Attorney General Leticia L. Valdes and Leah

Brownlee Taylor, counsel for the Department of Youth Rehabilitation Services *et al.*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff, MONIKA WILSON-GREENE, acting on her own behalf, submits the following

points and authorities in support of her opposition to the defendant's motion to dismiss the complaint

in the above captioned case:

1.  On October 19, 2006, Plaintiff received letter of termination of employment with the

Department of Youth Rehabilitation Services (DYRS). (Exhibit A).

2. On November 21, 2006, Plaintiff made a *prima facie* case of retaliation, discrimination, and public policy wrongful discharge.

3. On November 27, 2007, Plaintiff hand-delivered Equal Employment Opportunity Commission (EEOC) Questionnaire and EEOC Complaint to the EEO Officer at the DYRS Human Resources Office located at 8300 Riverton Court, Laurel, Maryland 20724. (Exhibit B).

4. On November 27, 2006, Catherine Ohler signed for and received the Plaintiff's EEOC Questionnaire and Official Complaint. (Exhibit C)

5. On November 29, 2006, Plaintiff filed amendment to complaint.

6. The complaint, summons, and initial order were mailed to the defendants at their business addresses, [respectively], in Washington, D.C. and Laurel, Maryland by certified mail.

7. The amended complaint was mailed to the defendants at their respective business addresses in Washington, D.C. and Laurel, Maryland via U.S. first class mail.

8. Service of process was completed by mailing a copy of the complaint, summons, and Initial Order by certified mail, return receipt requested (SCR-Civ. 4(e)(2) ) to the defendants.

9. On November 29, 2006, Bernadette Akinseye, the person authorized to sign for and receive mail delivered to the defendants' place of business in Laurel, Maryland, signed for and received the copy of the summons, complaint, and initial order mailed to the individual defendants.

9. On November 30, 2006, Louis Wilborn, the person authorized to sign for and receive mail delivered to the defendants' place of business in Washington, D.C., signed for and received the copy of the summons, complaint, and initial order mailed to the individual defendants.

10. On December 11, 2006, Plaintiff hand-delivered EEOC Questionnaire and Official Complaint to the EEOC Office at the Washington, D. C. Field Office. (Exhibit C).

11. On December 15, 2006, Plaintiff received copy of Notice of Personnel Action Form-1.

12. On December 29, 2006, defendants removed this case from the Superior Court of the District

   of Columbia.

13. On January 5, 2007, defendants requested two week extension to file initial response to

   Plaintiff's complaint. (Exhibit D).

14. On January 17, 2007, Plaintiff received notice from EEOC Commission that they will not

   pursue an investigation of the Plaintiff's claims. (Exhibit E, paragraph 3).

15. In <u>Clair v. District of Columbia Department of Employment Services,</u> the proper measure of

   damages in a public-policy wrongful discharge action is the sum of any wages that an

   employee actually earned or could have earned with reasonable diligence; additionally, an

   employee may recover for any other tangible benefit lost as a result of the termination.

16. Since the decision in <u>Foley v. Interactive Data Corporation,</u> damages for emotional distress

   and punitive damages can only be recovered in public policy cases, discrimination cases

   and independent tort cases.

## ARGUMENT

Defendants argue that the "Complaint should be dismissed against them pursuant to Federal

Rule of Civil Procedure 2(b)(5) for insufficiency of service process". *See* Defendants'

Memorandum of Points and Authorities at p.2. Defendants further wrongly argue that the

"Complaint should be dismissed pursuant to Fed. P. Civ. R.12(b)(6) *id.* at p. 3, and on grounds

that Plaintiff failed to effectuate proper service, *id.* at p. 3; Plaintiff's complaint does not meet

requirements of Fed. P. Civ. R. 10, *id.* at p. 5; defendant Department of Youth Rehabilitation

Services is no sui juris; and the individually named defendants cannot be held liable under Title

VII.  Defendants also argue that Plaintiff has not exhausted her administrative remedies, and cannot sustain a due process claim under the 5th Amendment "because she has no property interest or expectation of continued employment".  *Id.* at  p. 6 and  p. 7.

A.  <u>Defendants Are Not Entitled to Relief Under Federal Rule of Civil Procedure 12(b)(5).</u>

The defendants' motion misapplies the relevant facts of law.  The plaintiff met her obligation to serve a copy of the summons, along with the complaint and initial order upon the defendant in accordance with the provisions of  Fed. P. Civ. R.  4(e)(1)(2) and 4(i)(1)(2).  Federal Rules of Civil Procedure establish, in pertinent part, parallel service requirements to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure.  See Federal Rules of Civil Procedure 4(e)(2).  Leaving a copy of the complaint and summons at an individual defendant's place of business constitutes valid service if it is left in the hands of "an agent authorized by appointment or by law to receive service of process." Fed. P. Civ. R. 4(e).  Bernadette Akinseye and Louis Wilborn  were identified as the persons authorized at the defendants' place of business to receive and sign for mail addressed to the defendants.  *See* <u>Parker v.</u> Frank <u>Emmet Real Estate, 451 A.2d 62, 66 (D.C. 1982);</u> <u>Morfessis v. Marvins Credit, 77 A.2d 178, 179</u> (D.C. 1950).

Further, services upon the Unites States shall be effected by delivering a copy of the summons and of the complaint to the United States attorney for the District in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and complaint by registered or certified mail; by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Fed. P. Civ. R. 4(i) (1).

Moreover, service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States whether or not the officer or employee is sued also in an official capacity is effected by serving the United States in the manner prescribed by Rule 4(i) (1) and by serving the officer or employee in the manner prescribed by Rule 4(e). *See* Fed. P. Civ. R. 4(2)(a)(b). Based on the points stated above, the defendant's argument of insufficiency of service of process is not valid.

**B.    Defendant Is Not Entitled to Relief Under Federal Rule of Civil Procedure 12(b)(6).**

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim. Bruno v. Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999). The complaint must be construed in light most favorable to the plaintiff and its allegations taken as true. McBryde v. Amoco Oil Co., 404 A. 2d 200 (D.C. App 1979).

The plaintiff alleges that the defendants contributed to the wrongful termination of the plaintiff through [their] actions that were adversarial, malicious, and retaliative resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory discharge, and defamation of the Plaintiff's character. *Id.* p. 3 of the plaintiff's complaint. Plaintiff alleges that she was terminated for filing a criminal complaint against a DYRS resident with the Metropolitan Police Department (MPD) on October 11, 2006, in violation of her 1st amendment rights. Further, the Plaintiff contends that the Director endorsed a policy at the time of her filing the charges against the resident that forbid employees from pressing criminal charges against youth who assault them. Finally, on or about   January 11, 2007, the Director authorized the implementation of a new policy set forth by Superintendent, Dexter Dunbar, giving permission for any staff member who has sustained a

physical assault to personally press charges against the resident without negative consequences to her/his employment.

Plaintiff is a *pro se* litigant attempting to pursue a remedy for a wrong that has befallen her. While her complaint does indeed overcome a Rule 12(b)(6) challenge, it does so in an unconventional way. Considering the sum of allegations contained in the complaint, it is undisputed that Plaintiff states a claim upon which relief can be granted in a wrongful discharge matter.

## C. Defendants Are Not Entitled to Relief for Failure to Effectuate Service.

The defendants' motion misapplies the relevant facts of law. The plaintiff met her obligation to serve a copy of the summons, along with the complaint and initial order upon the defendant in accordance with the provisions of Fed. P. Civ. R. 4(e)(1)(2) and 4(i)(1)(2). Leaving a copy of the complaint and summons at an individual defendant's place of business constitutes valid service if it is left in the hands of "an agent authorized by appointment or by law to receive service of process." Fed. P. Civ. R. 4(e).

Removal of the Plaintiff's complaint from Superior Court to District Court, does not constitute good cause for dismissing the Plaintiff's claim. The defendants removed the case from Superior Court on December 29, 2006, approximately 28 days after service was affected. On January 5, 2006, defendants requested two week extension to file first answer to Plaintiff's complaint. The District Court's denial of the defendants' motion for failure to effectuate service of process under Fed. R . Civ. P. 4 (e)(1)(2) is appropriate in this matter.

The threshold issue in this case is whether the defendants have been effectively served under the Federal Rules of Civil Procedure. If they have not, we must then determine whether service of process on the defendants may be effectuated at all under the circumstances here. By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject

matter of the suit asserts jurisdiction over the person of the party served." Miss. Publ'g Corp. v.

Murphree,

326 U.S. 438, 444-45 (1946). A court is required to have personal jurisdiction under the Due Process

Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "as a matter of

individual liberty" so that "the maintenance of the suit . . . [does] not offend 'traditional notions of fair

play and substantial justice.'" Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456

U.S. 694, 702-03 (1982) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Further, services upon the Unites States shall be effected by delivering a copy of the summons

and of the complaint to the United States attorney for the District in which the action is brought or to

an assistant United States attorney or clerical employee designated by the United States attorney in a

writing filed with the clerk of the court or by sending a copy of the summons and complaint by

registered or certified mail; by sending a copy of the summons and complaint by registered or certified

mail to the Attorney General of the United States at Washington, D.C. See Fed. P. Civ. R. 4(i) (1).

Moreover, service on an officer or employee of the United States sued in an individual capacity

for acts or omissions occurring in connection with the performance of duties on behalf of the United

States whether or not the officer or employee is sued also in an official capacity is effected by serving

the United States in the manner prescribed by Rule 4(i) (1) and by serving the officer or employee in

the manner prescribed by Rule 4(e). See Fed. P. Civ. R. 4(2)(a)(b). Based on the points stated above,

the defendant's argument of insufficiency of service of process is not valid.


**D.    Dismissal Is Not Appropriate Under Fed. P. Civ. R. 10.**

On  December 29, 2006, defendants removed case from Superior Court to District Court.

Plaintiff's complaint was filed and accepted by Superior Court on November 21, 2006.  Superior Court

transferred case *"as is"* to District Court, whereby, it was accepted and electronically filed.

The defendants' argument of "improper formatting" does not constitute sufficient cause for

dismissal. Turning to Fed. P. Civ. R. 10, the first relevant section provides that:

> (a) Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. Fed. P. Civ. R. 10(a). The Plaintiff's complaint conforms to the requirements of this rule. *See* complaint at p.1.

Thus, we must look at the remainder of Fed. P. Civ. R.10, which provides for other requirements for form of papers.

> (b)  All averments of claim or defense shall be made in numbered paragraphs, the contents of each which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph **may** be referred to by number in all **succeeding** pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth. Fed. P. Civ. R. 10(b). While rule 10 identifies some definite standards for formatting of documents, it is very clear that this rule leaves some of the formatting optional. In this matter, the Plaintiff opted not to number her paragraphs, but instead chose to reference statements in a different part of the pleading. *See* Rule 10(c). The Plaintiff's complaint conforms to this rule. *See* complaint at p. 3-14. Further, there is **no** suggestion of Fed. P. Civ. Rule 10 that a pleading **must** be dismissed for failure to format in accordance with the Rule. The only indication of a slight penalty for failure to format correctly is found in the *Rules of the United States District Court*, which states:
>
> > A paper that does not conform to the requirements of this Rule (*see* LCvR 5.1(i)) and Rule 10(a) of the Federal Rules of Civil Procedure shall not be accepted for filing.

*Id.* at p.24.

Additionally, defendants' pleading does not fully comply with LCvR 5.1(f)... [A]ll papers **must** be typed (double-spaced).... *See Defendants' Motion to Dismiss Plainitff's Complaint at p. 5.* Thus, defendant's relief should be denied because such relief is not permitted under the rules of this court.

E.    <u>Plaintiff is Entitiled to  Recover Damages for Defendant Department of Youth Rehabilitation Services' Wrongful Termination.</u>

Defendants' state the defendant Department of Youth Reahibilitation Services(DYRS) is *Non Sui Juris.* The defendants misapply the relevant facts of the law in this matter. According to D.C. Code § 1- 616.04(b), *"Any individual or class of individuals may commence a civil action on his or her or their own behalf against any employee or employees in any agency for breach of a fiduciary duty upon showing that said employee or employees by his or her  or their acts or omissions has or have exposed said individual or class of individuals to an injury or harm, or risk of injury or harm, from which they are to be protected by the employee or employees".* Further, according to D.C. Code § 1-616.14(a), an employee aggreived by a violation of § 1-615.53 *"may bring a civil action before a court or a jury in the Superior Court of the District of Columbia seeking relief and damages... "* Moreover, D.C. Code § 1-615(b) states *" in a civil action or administrative proceeding, once it has been demonsttrated by a preponderance of the evidence that a activity prosctibed by § 1-615.53 was a contributing factor in the alleged prohibited personnel action against an employee, the burden of proof shall be on the employing District agency to prove by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities prohibited by this section".*

In the District of Columbia, there is a presumption that a hiring not accompanied by an expression of a specific term of durationion creates an employment relationship terminable at will by either party at any time. Sorrells v. Garfinckel's, Brooks Brothers, Miller and Rhodes, Inc., 565 A. 2d. 285, 289 (D.C. App 1989). Thus presumption can be rebutted by evidence that the parties intended the employment to be for a fixed period. Sullivan v. Heritage Foundation, 399 A.2d. 856, 860 (D.C. App. 1979). Such a contract is not terminable except pursuant to its expressed terms. Little v. Evening Star Newspaper Co., 120 f. 29 36, 37 (1941).

In the case at bar, the Departmental Personnel Manual (DPM) is an enforceable, implied contract. The Plaintiff's Notification of Personnel Action- Form 1, specifically states that the legal authority supporting the termination is *Sec 826 D.C. PeReg – Career Service, Chapter 8.* Moreover, on or about, April 13, 1988, the Plaintiff successfully completed a probationary period in the Career Service. According to DPM Chapter 8, Section 813.9, "[p]rior service in the Career Service under a term, temporary, or TAPER appointment and in the Excepted Service under §1-610.4(2), D.C. Code (1981), shall be creditable toward completion of the probationary period under this section if:

> a) It was rendered immediately preceeding a Career Appointment(Permanent) or a Career Appointment (Probational) or a conversion; and
>
> b) It was in the same competitive level, as provided in Chapter 24 of these regulations.
> 813.11 – Satisfactory completion of the probationary period is a prerequisite to continued employment in the Career Service.

Turning to 826 (Separation of Temporary and Term Employees), this section provides that:

> 826.1 – The employment of an individual under a temporary or term appointment shall end on the expiration date of the appointment, on the expiration date of an extension granted by the personnel authority, or upon separation prior to the specified expiration date in accordance with this section.

10

826.2 – A term appointee may be separated as provided in this chapter during a probationary period.

**826.3 – After satisfactory completion of the probationary period, and prior to the expiration date of the appointment, separation of a term appointee for cause shall be inaccordance with chapter 16 of these regulations.**

826.4 – A term appointee may be seperated for lack of funds or lackof work in accordance with the reduction-in-force requirements of chapter 24 of these regulations.

826.5 – A temporary appointee may be separated without notice prior to the expiration date of the appointment.

Notwithstanding defendants' arguments to the contrary, there is expressed evidence in the case at bar that the defendants violated the Plaintiff's rights under Chapter 8, (Career Service) and wrongfully terminated her. As such, any presumption that Plaintiff was an at-will employee is clearly rebutted consistent with the holding in <u>Sullivan</u>, above. Thus the Plaintiff is entitled to recover damages from the defendant for wrongful termination.

F.    <u>Plaintiff States a Cognizable Claim Against Defendants for Retaliatory Discharge</u>

Title VII makes it illegal for and employer to discriminate against anyone with regard to compensation, terms, conditions, or privileges because of his or her sex. The term employer is defined in Title VII as *"a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding year, and any agent of such a person..."* therefore the cause of action against the defendants should not be dismissed.

If supervisors could not be sued in their individual cpacities, then they would not be sufficiently deterred by threat of dismissal or discipline by the employer from engaging in conduct violative of Title VII. <u>Weeks v. Maine, 1994.</u> Because supervisors are common-law agents empowered by the

11

employer to make economic decisions such as hiring, promotion, and firing that affect other employees

under their control, they are statutory employers. As a result they may be held jointly and severally

liable for conduct that violates Title VII. In 1994, in Weeks v. Maine, the United States District Court

for the District of Maine held that supervisors could be personally liable under Title VII.

     In Tomka v. Seiler Corp., the dissent argued that an employer's agent could be held personally

liable for discriminatory acts under Title VII and that Title VII's plain language unambiguously

provided for joint and several liability: successful plaintiffs could recover all relief provided for by

Title VII against either the employer or any agent of the employer. Most recently, in 1998, in Wyss v.

General Dynamics Corporation, the United States District Court for the District of Rhode Island held

that supervisors were subject to individual liability under Title VII. .

### G.    Plaintiff Can Establish A Fifth Amendment Due Process Claim

     Plaintiff is a Career Service employee which coincides with her Civil Service status. The

defendants are correct that Plaintiff stated she was classified as an at-will managerial employee.

However, Plaintiff had not received copy of Official Personnel Action at that time. Further, on or

about October 25, 2006, Plaintiff informed DYRS Director Schiraldi that she was a Civil Service status

employee with appeal rights. He direted the Plaintiff to Human Resources Specialist (HRS), Carol

Brown. Plaintiff left several messages with the HRS regarding her employment classification, who

failed to respond to the Plaintiff. As a Career Service employee (see p.9-10 of this paper), Plaintiff

was not afforded the due process rights as mandated in the DPM. Further, the defendants published

defamatory statements about the Plaintiff that reflected a cause of action for the termination. Once the

defendants cited a reason for the termination, Chapter 8 of the DPM dictated that Plaintiff's

termination be inaccordance with Chapter 16 of the DPM. The defendants' failure to abide by the

DPM dprived the Plaintiff of her right to due process. An essential principle of due process is that a

deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate

to the nature of the case. <u>Mullane v. Central Hanover Bank & Trust Co., 339</u> U.S. 306, 313 (1950).

The root requirement" of the Due Process Clause as being "that an individual be given an opportunity

for a hearing before he is deprived of any significant property interest". Boddie v. Connecticut, <u>401</u>

<u>U.S. 371, 379</u> (1971) (emphasis in original); see Bell v. Burson, <u>402 U.S. 535, 542</u> (1971). This

principle requires "some kind of a hearing" prior to the discharge of an employee who has a

constitutionally protected property interest in his employment. Board of Regents v. Roth, <u>408 U.S., at</u>

<u>569</u> -570; Perry v. Sindermann, <u>408 U.S. 593, 599</u> (1972).

     In addition, there is a gross conflict of interest between the Management Supervisory Service

(MSS) the Career Service and the Civil Service of employees who are Civil Service status employees.

It is impossible for the Plaintiff to be simultaneously classified under two employment classifications.

The MSS classification is ambiguous and the defendants' abuse of this classification was used to

deprive the Plaintiff of her rights under her true classification. For it is under Career Service, Chapter

8 and Civil Service that the Plaintiff's expectation to continued employment is established. Therefore,

this is a question to be decided by this Court and the defendants' request for relief should be denied.

### H.    <u>Plaintiff Has Exhausted Her Administrative Rememdies</u>

     On November 27, 2007, Plaintiff hand-delivered Equal Employment Opportunity Commission

(EEOC) Questionnaire and EEOC Complaint to the EEO Officer at the DYRS Human Resources

Office located at 8300 Riverton Court, Laurel, Maryland 20724. On November 27, 2006, Catherine

Ohler signed for and received the Plaintiff's EEOC Questionnaire and Official Complaint. On

December 11, 2006, Plaintiff hand-delivered EEOC Questionnaire and Official Complaint to the

EEOC Office at the Washington, D. C. Field Office. On January 17, 2007, Plaintiff received notice

from EEOC Commission that they will not pursue an investigation of the Plaintiff's claims.

     The Plaintiff was deprived her rights to Title VII protections. The EEOC Officer for the DYRS

is also the Human Resource Director for DYRS. This is a gross conflict of interest. The Human

Resource Director in his official capacity, processed the Plaintiff's termination. The Plaintiff contends the EEOC Officer in his official capacity, failed to reply to her EEOC complaint within the designated time frame due to the conflict of his dual roles. Plaintiff has exhausted her administrative remedies, thus this federal court complaint is valid.

I.  **Summary**

Dismissal for failure to state a claim upon which relief can be granted is impressible unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Owens v. Tiber Island Condominium Ass'n, 373 A.2d 890 (D. C. App 1977). Through documentary and testimonial evidence, Plaintiff will be able to rebut defendants' assertions that she is an at-will employee. Thus, defendant's relief should be denied because such relief is not permitted under the rules of this court.

Respectfully submitted,

Dated:    January 30, 2007

By: _____

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772
301-574-1434
202-580-2618

## CERTIFICATE PURSUANT TO RULE 5 (e) and 5 (i)

I hereby certify that I sent a copy of this motion to chambers.

Monika Wilson-Greene

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Opposition of Defendant's Motion

was mailed first, class, postage pre-paid, this 31st day of January, 2007 to:

Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Monika Wilson-Greene

**Orders on Motions**
1:06-cv-02264-GK DAVIS v. DEPARTMENT OF YOUTH REHABILITATION SERVICES et al

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from CS, entered on 1/8/2007 at 10:47 AM EDT and filed on 1/8/2007

**Case Name:**   DAVIS v. DEPARTMENT OF YOUTH REHABILITATION SERVICES et al
**Case Number:**   1:06-cv-2264
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER granting [3] Defendants' Motion for Extension of Time; Defendants shall have up to and including January 19, 2007 in which to answer or otherwise respond to Plaintiff's Complaint . Signed by Judge Gladys Kessler on 1/8/07. (CS, )

The following document(s) are associated with this transaction:

**1:06-cv-2264 Notice will be electronically mailed to:**

Leah Brownlee Taylor    leah.taylor@dc.gov,

**1:06-cv-2264 Notice will be delivered by other means to:**

HENRY DAVIS
8001 Boundry Drive
Forestville, MD 20747


Exhibit D

# DECLARATION UNDER PENALTY OF PERJURY

THE STATE OF MARYLAND

I _Monika Wilson-Greene_ over the age of 18 years old, declare under penalty of perjury that the foregoing is true and correct.

1.  On December 15, 2006, I visited the Department of Youth Rehabilitation Services in Laurel, Maryland. I asked the receptionist in 8300 Riverton Court (CAB), who is the authorized person to receive and sign for mail delivered to that address? The receptionist identified herself as Bernadette Akinseye, and replied that it was her job to sign for and receive mail.

2.  On January 29, 2007, I conferenced call with Ms. Linda Cruz-Packer, to the Youth Services Center in Washington, DC. An Officer Wills (female) answered the phone. I asked officer Wills, who is the authorized person identified to sign for and receive mail that is delivered to that address? Officer Wills replied that any officer assigned to the front desk in lobby is responsible for receiving and signing for all mail delivered to that address. Officer Wills stated that receiving the mail is one of the duties assigned to the front desk post.

Signed this _29th_ day of _January_ 2007.

Witnessed: _Ronald T. Smith_

_____
Signature

Sworn to before me at Washington DC
this 29th day of January 2007
E. Faye Williams, Notary Public
my commission expires 8/02/2010

- Exhibit J   -

# DECLARATION UNDER PENALTY OF PERJURY

THE STATE OF MARYLAND

I _Linda Cruz-Packer_____ over the age of 18 years old, declare under penalty of

perjury that the foregoing is true and correct.

1. I was previously employed with the Department of Youth Rehabilitation Services (DYRS) at the Oak Hill Youth Center (OHYC) in Laurel, Maryland, as a Unit Manager until November, 2006.

2. Ms. Greene (Unit Manager) was assaulted by a resident in October 2006. Ms. Greene filed charges against the resident for assault. She was terminated one week later.

3. The Director had a rule at that time, that no one is allowed to file criminal charges against the youth.

4. The Director signed Dr. Greene's termination letter as well as the termination letters of several other managers, myself included, citing DPM Chapter 38 as the rreason for the termination. However, the Director through his appointee Mark Schindler later published that Dr. Greene and the other terminated managers was incompetent, she did not know how to do her job, and she rarely came to work, as the reason for her termination as well as the other mangers.

5. The Superintendent (Dexter Dunbar) has recently (January 2007) stated to the employees that the Director has now approved for employees to press charges against residents who assault them.

6. Pili Robinson (consultant) has sat on interview panels and actively participated in the selection process of hiring and firing government employees, determining duty assignments of government employees, dictating policy, monitoring time and attendance of government employees, and initiated disciplinary actions against youth.

7. Pili Robinson referred to himself as the "expert" hired to clean-up the Oak Hill Youth Center.

- Exhibit L                    -

8.    Pili Robinson announced in management meetings that he made the f  decisions regarding

employee title changes, job functions, duty hours, and rate of pay/salary.

9.    Neither Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J.

Thomas, nor Pili Robinson, have in their official capacities provided any specific training or

guidance to Dr. Greene and the other terminated managers, myself included that would give them

some incite into the type of employees we are.

10.    Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J. Thomas,

and Pili Robinson consistently used intimidation and daily threats of being fired because we were

Management Supervisory Service Employees, creating an on-going hostile environment for us.

Signed this 31st day of January 2007.

_Linda Cruz-Packer_
Signature

Sworn to before me at Washington, DC
this 31st day of January 2007
E. Faye Williams, Notary Public
my Commission expires 01/02/2010

# DECLARATION UNDER PENALTY OF PERJURY

THE STATE OF MARYLAND

I _Linda Cruz-Packer_ over the age of 18 years old, declare under penalty of

perjury that the foregoing is true and correct.

1. On December 15, 2006, I accompanied Dr. Greene to the Department of Youth Rehabilitation

   Services in Laurel, Maryland.  I witnessed/heard Dr. Greene ask the receptionist in 8300 Riverton

   Court (CAB), who is the authorized person to receive and sign for mail delivered to that address?

   The receptionist identified herself as Bernadette Akinseye, and replied that it was her job to sign

   for and receive mail.

2. On January 29, 2007, Dr. Greene and I were on conference call as I heard Dr. Greene call the

   Youth Services Center in Washington, DC.   An Officer Wills (female) answered the phone.  Dr.

   Greene, asked officer Wills, who is the authorized person identified to sign for and receive mail

   that is delivered to that address?   Officer Wills replied that any officer assigned to the front desk

   in lobby is responsible for receiving and signing for all mail delivered to that address.  Officer

   Wills stated that receiving the mail is one of the duties assigned to the front desk post.

Signed this _31st_ day of _January_ 2007.

_Linda Cruz-Packer_
Signature

Sworn to before me at Washington, DC
this 31st day of January 2007.
E. Faye Williams, Notary Public
My Commission expires 01/02/2010

- Exhibit M -

# DECLARATION UNDER PENALTY OF PERJURY

THE STATE OF MARYLAND

I _Henry Davis_ over the age of 18 years old, declare under penalty of perjury that the foregoing is true and correct.

1.   I was previously employed with the Department of Youth Rehabilitation Services (DYRS) at the Oak Hill Youth Center (OHYC) in Laurel, Maryland, as a Unit Manager until November, 2006.

2.   Ms. Greene (Unit Manager) was assaulted by a resident in October 2006.  Ms. Greene filed charges against the resident for assault.  She was terminated one week later.

3.   The Director had a rule at that time, that no one is allowed to file criminal charges against the youth.

4.   The Director signed Dr. Greene's termination letter as well as the termination letters of several other managers, myself included, citing DPM Chapter 38 as the rreason for the termination. However, the Director through his appointee Mark Schindler later published that Dr. Greene and the other terminated managers was incompetent, she did not know how to do her job, and she rarely came to work, as the reason for her termination as well as the other mangers.

5.   The Superintendent (Dexter Dunbar) has recently (January 2007) stated to the employees that the Director has now approved for employees to press charges against residents who assault them.

6.   Pili Robinson (consultant) has sat on interview panels and actively participated in the selection process of hiring and firing government employees, determining duty assignments of government employees, dictating policy, monitoring time and attendance of government employees, and initiated disciplinary actions against youth.

7.   Pili Robinson referred to himself as the "expert" hired to clean-up the Oak Hill Youth Center.

- Exhibit N          -

8.  Pili Robinson announced in management meetings that he made the final decisions regarding employee title changes, job functions, duty hours, and rate of pay/salary.

9.  Neither Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J. Thomas, nor Pili Robinson, have in their official capacities provided any specific training or guidance to Dr. Greene and the other terminated managers, myself included that would give them some incite into the type of employees we are.

10. Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J. Thomas, and Pili Robinson consistently used intimidation and daily threats of being fired because we were Management Supervisory Service Employees, creating an on-going hostile environment for us.

Signed this ___31___ day of ___January___ 2007.

_____
                    Signature

Witnessed: _Ronald T. Smith_

Sworn to before me this 31st day of
January 2007 at Washington, DC.
E. Faye Williams, Notary Public
My Commission expires 01/02/2010

# DECLARATION UNDER PENALTY OF PERJURY

## THE DISTRICT OF COLUMBIA

I, <u>Dr. E.Faye Williams, Esq.,</u> over the age of 18 years old, declare under penalty of

perjury that the foregoing is true and correct.

> My name is Dr. E. Faye Williams, Esquire, and I currently serve as National
> Chair, National Congress of Black Women, Inc., and have served in this position
> since October 2005.
>
> I served as Chief of Staff for Councilmember Marion Barry, for the District of
> Columbia, Ward 8, from March of 2006 until December of 2006. As Chief of
> Staff, I had ultimate staff responsibility for overseeing all business matters
> relating to complaints that were filed in our office.

1. On or about October 22, 2006, Dr. Monika Wilson-Greene and several other

   managers visited my office to file a complaint of harassment, hostile working

   environment, and wrongful termination. Dr. Greene reported that she was

   wrongfully terminated as a result of filing criminal charges against one of the

   youth at the Oak Hill facility, that her 1st amendment rights were violated and

   that the Director refused to speak with other managers and her about the

   situation. Dr. Greene and the other managers were informed that this office

   would make an inquiry into the matter.

2. On October 23, 2006, a letter was sent to Mr. Vincent Schiraldi, Director,

   Department of Youth Rehabilitation Services from Councilmember Marion

   Barry, inquiring about the recent terminations of Dr. Greene and the other

   managers.

3.    On or about October 25, 2006, Mark Schindler, who identified himself as Chief of Staff for Mr. Vincent Schiraldi, telephoned our office to respond to the inquiry made by Councilmember Barry regarding the abrupt and mass termination of several DYRS managers, a group that included Dr. Monika Wilson-Greene.

4.    Mr. Schindler stated to me that Dr. Greene and the other managers were not "fired". He said they were "terminated", but did not explain the difference in meaning of the two terms. When asked why the managers were terminated, Mr. Schindler replied, "Because they are incompetent; they do not know how to do their jobs under the new reforms; and they rarely came to work". I then asked if it were possible for the managers to be retrained and subsequently re-assigned to other positions within the Agency. Mr. Schindler responded, "No". Finally I asked who was going to replace these managers. Mr. Schindler replied "That's easy; they weren't doing much because they were rarely there, but their positions have been posted and we will fill them with whoever meets the qualifications."

Signed this ___3/st___ day of ___January___ 2007.

DECLARANT _E. Faye Williams_

WITNESS ___Ronald T. Smith___

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Baltimore Field Office**
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270
EEOC Web Site: www.eeoc.gov

10 S. Howard Street, 3rd Floor

January 16, 2007

Ms. Monika Wilson-Greene
17007 Village Dr. West
Upper Marlboro, MD 20772

                        Re:  Wilson-Greene vs. Dept of Youth Rehab Serv.
                             Charge No: 531-2007-00645

Dear Ms. Wilson-Greene:

I am writing to you in response to the inquiry/questionnaire we received outlining your concerns with the Department of Youth Rehabilitation Services. You alleged that you were discharged because of your age, in violation of the Age Discrimination in Employment Act (ADEA) and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended. Retaliation claims, under federal law, have to be preceded by "protected activity". While the circumstances certainly appeared unfortunate, both for you and the colleagues you mentioned, your complaint to the DC Police over the alleged assault which occurred on October 11, 2006, would not be "protected activity. In addition, no information was provided concerning your age claim, other than you are over the age of 40. Further information about our laws follows.

EEOC processes claims where the individual alleges being treated differently and/or less favorably because of the individual's race, sex, color, age, national origin, religion or disability than others of a different race, sex, color, etc. If an individual is being singled out and treated adversely from a group of individuals regardless of race, sex, color, etc. then this treatment is probably unfair, but would not involve prohibited employment discrimination. Claims of unfair treatment in the work place or poor personnel practices are not allegations or claims that EEOC can address then they do not involve prohibited employment discrimination.

Based on the above and the information which you have currently presented to us, the agency will not pursue an investigation of your claims. However, if you wish to pursue this claim in court, please return the enclosed charges of discrimination which were drafted based on the information you submitted. Upon receipt of the signed charges, you will receive a Notice of Right to Sue, which will provide you with the opportunity to file a lawsuit within 90 days of the day you receive this dismissal.

To enable proper handling of this action by the Commission you should:

(1)     Review the enclosed charge form and make corrections.

(2)     Sign and date the charges in the bottom left hand block where I have made an "X". The date of signature on the charge will not affect the jurisdiction date established in any original written complaint previously given to EEOC.

*– Exhibit F*

Standard Form 50
Rev 3/06
District of Columbia Government

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) Wilson-Greene, Monika D | 2. Social Security Number 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 | 3. Date of Birth 04-29-1964 | 4. Effective Date 11-03-2006 |
|---|---|---|---|

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code  357 | 5-B. Nature of Action   Termination          NTE: | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code  091 | 5-D. Legal Authority   Sec 826 DC PeReg | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPERVISOR CORRECTIONAL OFFICER PD: 006899     Position:    00026415 | |

| 8.Pay Plan | 9.Occ. CD | 10.Grd/Lvl | 11.Step/Rate | 12.Tot. Salary | 13.Pay Basis | 16.Pay Plan | 17.Occ. CD | 18.Grd/Lvl | 19.Step/Rate | 20.Tot. Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DS | 0006 | 11 | 00 | $56,740.00 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $56,740.00 | $0 | $56,740.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Youth Rehabilitation Services, Department of DYRS - MAIN DYRS - COMMITTED SERVICES  Laurel MD USA | |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1   1-None     3-10 Point/Disability     5-10 Point/Other    2-5 Point   4-10 Point/Compensable  6-10 Point/Compensable/30% | | 0-None       2-Conditional   1-Permanent   3-Indefinite | | | YES    X   NO |

| 27. FEGLI  B1     Basic Only | 28. Annuitant Indicator  9     Not Applicable | 29. Pay Rate Determinant  6    Special Rate |
|---|---|---|
| 30. Retirement Plan  4   CSRS Law Enf. With    Medicare | 31. Service Comp. Date (Leave)  06-30-1996 | 32. Work Schedule  F     Full Time | 33. Part-Time Hours Per Biweekly  Pay Period |

## POSITION DATA

| 34. Position Occupied  1-Competitive Service 3-SES General  1  2-Excepted Service    4-SES Career Reserved | 35. FLSA Category  E   E-Exempt    N-Nonexempt | 36. Appropriation Code | 37. Union Code / Barg Unit  MSS / CH11 |
|---|---|---|---|
| 38. Employee Class  Continuing - CA SOAR | 39. Other Benefits  FED ; MHHDHP VISDCV | | |

| 40. EMPLID/RCD  00032225 /    0 | 41.DRBCD | 42.DEPT ID  JZ40000000 | 43.Location ID  LOCDC00101 | 44. Date Processed  11-14-2006 |
|---|---|---|---|---|

Address:    17007 Village Drive West
            Upper Marlboro MD 20772

45. Remarks
- Lump-sum payment for any annual leave may be due.
- Forwarding address: SAME AS ABOVE

| 46. Employing Department or Agency  District Of Columbia Govt  Youth Rehabilitation Services, Department of | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |  |
| DCGJZ | | | |

**Employee Copy**

Exhibit F

**Subj:**  **RE:**
**Date:**  10/26/2006 8:56:21 AM Eastern Daylight Time
**From:**  Vincent.Schiraldi@dc.gov
**To:**  wmoney1709@aol.com
**CC:**  Fitzgerald.Fant@dc.gov

Dr. Wilson-Greene:

I understand that this is a difficult time for you and I sympathize with you in
that regard.

As you are aware, I am deeply committed to reforming this long-troubled
department.  I want to assure you that any personnel changes I've made in the past
or will make in the future have only that goal in mind - reform.

Prior to my accepting the recommendation from Oak Hill management to terminate you,
I held numerous, lengthy meetings to discuss and debate the issue with them and
members of my executive team.  I want to assure you that I gave it a great deal of
consideration before endorsing this recommendation.

In addition to those meetings, I'm sure you are aware that I am "inside the fence"
frequently at Oak Hill, talking about progress there with line staff, middle-
managers, cooks, maintenance workers, mental health staff, parents and youth, in
addition to the superintendent and his deputies.  I have a great many sources of
information because I believe it is wrong to rely on just one or two sources.

I am going to deny your request for a meeting because I believe that I have already
given this deep thought and consideration and because I have a great many sources
of information to continually evaluate the progress of the Oak Hill reforms.  I
truly wish you the best in your future endeavors.  If you have any further
questions I encourage you to contact Carol Brown at the DC Office of Personnel
whose contact information was given to you when you were given notice of your
termination.  She could answer any questions you may have about civil service
protections as it pertains to your position.

Sincerely,


Vincent Schiraldi
Director, DYRS


Vincent N. Schiraldi, Director
Department of Youth Rehabilitation Services
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, DC  20002

Direct Line: 202.576.8176
Alternate Line: 202.576.8175
Facsimile Line: 202.576.8457
E-Mail: vincent.schiraldi@dc.gov


**From:** wmoney1709@aol.com [mailto:wmoney1709@aol.com]
**Sent:** Sunday, October 22, 2006 1:02 PM
**To:** Vincent.Schiraldi@dc.gov
**Subject:**

- Exhibit G                                          —

# DECLARATION UNDER PENALTY OF PERJURY

THE STATE OF MARYLAND

I _Monika Wilson-Greene_ over the age of 18 years old, declare under penalty of perjury that the foregoing is true and correct.

1.  I was previously employed with the Department of Youth Rehabilitation Services (DYRS) at the Oak Hill Youth Center (OHYC) in Laurel, Maryland, as a Unit Manager until November, 2006.

2.  I was assaulted by a resident on October 11, 2006. I filed charges against the resident for assault. With the Metropolitan Police Department. I was terminated one week later.

3.  The Director had a rule at that time, that no one is allowed to file criminal charges against the youth.

4.  The Director signed my termination letter as well as the termination letters of several other managers, citing DPM Chapter 38 as the reason for the termination. However, the Director through his appointee Mark Schindler later published that myself and the other terminated managers were incompetent, we did not know how to do our jobs, and we rarely came to work, as the reasons for our terminations.

5.  The Superintendent (Dexter Dunbar) has recently (January 2007) distributed to the employees a written policy that the Director has now approved for employees to press charges against residents who assault them.

6.  Pili Robinson (consultant) has sat on interview panels and actively participated in the selection process of hiring and firing government employees, determining duty assignments of government employees, dictating policy, monitoring time and attendance of government employees, and initiated disciplinary actions against youth.

7.  Pili Robinson referrs to himself as the "expert" hired to clean-up the Oak Hill Youth Center.

Exhibit K

8.    Pili Robinson announced in management meetings that he made final decisions regarding

employee title changes, job functions, duty hours, and rate of pay/salary.

9.    Neither Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J.

Thomas, nor Pili Robinson, have in their official capacities provided any specific training or

guidance to me and the other terminated managers, that would give them some incite into the type

of employee(s) I/we am/are.

10.    Vincent Schiraldi, David Brown, Mark Schindler, Dexter Dunbar, Lavern Evans, D. J. Thomas,

and Pili Robinson consistently used intimidation and daily threats of being fired because we were

Management Supervisory Service Employees, creating an on-going hostile environment for all of

us.

Signed this _29th_ day of _January_ 2007.

_____
                                    Signature

Witnessed: _Ronald T. Smith_

Sworn to before me at Washington, DC
this 29th day of January 2007.
E. Faye Williams, Notary Public
    My Commission expires 01/02/2010

**Subj:** **Fw: request for letter**
**Date:** 10/25/2006 1:23:45 AM Eastern Standard Time
**From:** dvop55@msn.com
**To:** manfreejl@aol com, vdon5@verizon net

what a bunch of bull.

----- Original Message -----
**From:** efayed@aol.com
**To:** dvop55@msn.com
**Cc:** eparsons@dccouncil.us
**Sent:** Wednesday, October 25, 2006 1:14 AM
**Subject:** Re: request for letter

It's on my computer at the office, and I won't be there in the morning.

Stop by the office when you are in the building, and ask Eric to look in the brown accordian folder in back of my chair in my office. The letter is in that file. Ask him to make you a copy of it.

I received a phone call from Shiraldi's Chief of Staff who essentially told me that those of you who were terminated did not kinow how to do the job to be done under the reform plan. He said management personnel are now doing the job you were doing, but that you didn't do very much to begin with because many of you rarely came to work! I asked if you were fired. He said, "No, you were terminated". I didn't get the distinction. I asked if you were being replaced. He said, "Yes". I asked by whom, and he said that a job announcement had been listed, and your jobs would be filled by whomever is selected with the skills needed. He said a few other things but I don't have my notes at home.

   E. Faye Williams, Esq.


-----Original Message-----
From: dvop55@msn.com
To: efayed@aol.com
Sent: Wed, 25 Oct 2006 12:38 AM
Subject: request for letter

Faye:

Could you please forward me a copy of the letter you sent to Mr. Sharaldi. We have a meeting tomorrow with Ms. Cropp at 10:30.

Thanks

Linda


**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

H

Wednesday, October 25, 2006 America Online: Manfreejl

October 23, 2006

Mr. Vincent Schiraldi, Director
Department of Youth Rehabilitation Services
District of Columbia
1000 Mt. Olivet Road, NE
Washington, DC 20002

Dear Mr. Schiraldi:

I have been made aware of your letter of termination that was received by several people during the past few days—most of whom are women over 40. Your letter does not indicate that there was a problem with their work—yet, one could draw that conclusion from their abrupt termination and placement on administrative leave.

Are these employees being fired? Are they being replaced? If so, by whom and why? Are their positions being eliminated? What is the problem? The letter to them was so cold and abrupt that I am wondering what happened, and why such a sudden dismissal of so many people was necessary.

Please have your staff contact my Chief of Staff, Dr. E. Faye Williams, who is handling this matter on my behalf to explain what is going on with these dismissals as soon as possible. You may reach her at 202/724-8045.

Sincerely,

Marion Barry
Ward 8 Councilmember



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Youth Rehabilitation Services**



## OFFICE OF THE DIRECTOR

October 19, 2006

Ms. Monika Wilson-Greene
17007 Village Drive, West
Upper Marlboro, MD 20772

Dear Ms. Greene:

In accordance with §3818 of the District Personnel Manual (DPM), this is a notice of at least 15 days of the termination of your Management Supervisory Service appointment as a Supervisory Correctional Officer, MS-0006-11, with the Department of Youth Rehabilitation Services (DYRS). Your separation from service with the District government will be effective Friday, November 3, 2006. As you know, employment in the Management Supervisory Service is terminable at-will and this termination action is neither grievable nor appealable.

Effective today, you will be placed on administrative leave during this notice period. You will be paid at your current salary and you will accrue both annual and sick leave. You are to immediately return all building keys, office keys, security badge(s), pass card(s), uniforms, cell phone(s), and any and all government property issued to you as a District Government employee. This includes all District Government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents, in your possession.

Payment for all unused annual leave will also be disbursed as a lump sum with the standard deductions for applicable taxes and withholdings. The annual leave check will be issued separately and no deductions will be made for retirement or other benefits.

You may be eligible to receive severance pay in accordance with Chapter 11 of the District Personnel Manual. Please contact Ms. Carol Brown, Human Resources Specialist, DC Office of Personnel at (202) 671-1307 to schedule an appointment to obtain information regarding severance pay and other benefits you may be entitled.

Thank you for your service to DYRS and the District government.

Sincerely,

Vincent N. Schiraldi
Director

cc:  David E. Brown, Deputy Director
    David Muhammad, Chief of Committed Services
    Fitzgerald Fant, Human Resources Manager (DYRS)
    DC Office of Personnel

*Exhibit A*

## CERTIFICATION OF SERVICE

An original copy of Monika Wilson Greene's EEOC Questionnaire and Official EEO Complaint were

delivered to Fitzeral Fant, EEO Officer on 11/27/06 at his office located at 8300 Riverton Court,

Laurel, Maryland 20724.

Delivered by: Monika Wilson-Greene

---

### Receipt of Service

EEOC Questionnaire and EEO Complaint received by: _Catherine Ohler_

for Fitzgerald Fant, EEO Officer, on _Nov. 27, 2006_ at _4:00_ a.m. /p/m

Witness: _Linda Au-Packer_
_11/27/06_

— Exhibit C



# SYNERGY ONE COMPANIES, INC. ™

*Monika W. Greene, Ph.D.*
*Counseling Psychologist*

*17007 Village Drive West, Upper Marlboro, Maryland 20772*
*202-580-2618*

*"He who knows others is learned.*
*He who knows himself is wise."*
*Lao Tse*

Monika Wilson- Greene, Ph.D.
17007 Village Drive West
Upper Marlboro, Maryland 20772

November 20, 2006

Fitzgerald Fant, EEO Officer
Department of Youth Rehabilitation Services
8300 Riverton Court
Laurel, Maryland 20724

RE: *EEO Complaint*

Dear Mr. Fant:

I have attached for your review and processing my formal discrimination complaint against the Department of Youth Rehabilitation Services.

Thank you for your attention to this matter. If you should have any further questions regarding this complaint, I can be reached between the hours of 9:00 a.m. and 3:00 p.m. Contact information is in the letterhead.

Monika W. Greene, Ph.D.
Counseling Psychologist

Exhibit 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

# INTAKE QUESTIONNAIRE
### (LOCAL USE FORM 283)
This form is covered by the Privacy Act of 1974.  See the Privacy Act
Statement on the last page of this document before completing this form.

```
EEOC USE ONLY
INQUIRY #:

570-2007-00645N
```

**Please print your answers to the following questions.  When finished, sign and date on Page 5.**

First Name: Monika          MI: J.          Last Name: Wilson-Greene

Address: 17007 Village Drive West          Apt. _____

City: Upper Marboro   State: Md   Zip Code: 20772   County: Prince George's

Telephone #: Home (301) 574-1434          Cell (202) 580-2618

Work ( )  _____

Email: Whitney17007@aol.com

Date of Birth: 04-29-64

Gender: [ ] Male          [✓] Female

Race: [✓] Black   [ ] White   [ ] Other Race _____

[ ] American Indian or Native American          [ ] Asian or Pacific Islander

National origin: [ ] Mexican   [ ] Hispanic   [ ] Arab, Middle Eastern

[ ] East Indian   [ ] Other _____

**Provide the following information for a person we can contact if we are unable to reach you:**

First Name: _____          MI: _____   Last Name: _____

Address: _____          Apt. _____

City: _____   State: _____   Zip Code: _____   County: _____

Telephone #: Home ( ) _____          Cell ( ) _____

Work ( ) _____

2006 DEC 11 P 4:09
1801 L ST.NW
WASHINGTON DC 20507
EEOC
WASHINGTON FIELD OFFICE

## ORGANIZATION AGAINST WHICH CHARGE IS BEING FILED – (EMPLOYER/UNION/ EMPLOYMENT AGENCY/APRENTICESHIP PROGRAM)

Organization Name: Department of Youth Rehabilitation Services

Address of actual workplace: Oak Hill Youth Center 3201 Oak Hill Drive, Laurel, Maryland

Suite # _____

City: Laurel       State: Maryland   Zip Code: 20724     County: _____

Telephone: (240) 456 5100

Type of business: Corrections / Juvenile Justice

Number of employees: [  ] 15-100  [  ] 101-200  [✓] 201-500  [  ] 500+  [  ] under 15

## CORPORATE OFFICE INFORMATION

Company Name: Department of Youth Rehabilitation Services

Address: 1000 Mt Olivet Road, N.E.       Suite # _____

City: Washington   State: DC       Zip Code: 25002   County: _____

Telephone #: (     ) _____

Name and Title of Employer Representative (President/Vice President/CEO/Human Resources Director/Manager, etc.): Fitzgerald Font – Human Resource Manager / EEOC Officer

## OTHER EMPLOYER/ORGANIZATION – You want to include in the filing of this charge. (EMPLOYER/UNION/EMPLOYMENT AGENCY/APRENTICESHIP PROGRAM)

Company Name: _____

Address: _____       Suite # _____

City: _____   State: _____   Zip Code: _____   County: _____

Telephone #: (     ) _____

## EMPLOYMENT DATA

Date of hire: 5/1/06  Job title: Supervisory / Unit Manager Correctional Officer  Date of separation/termination: 11/3/06

Earliest date of harm: 10/19/06       Latest date of harm: _____

-2-

You believe you have been discriminated against because of: (*Check all that apply*)

[ ] Race          [ ] Color          [ ] Religion          [ ] National Origin

[✓] Age (40 or above)     [ ] Disability      [ ] Sex      [ ] Pregnancy

[✓] Retaliation for Exercising my First Amendment Rights

If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination?

[✓] No [ ] Yes –If yes, please explain: _____

_____

_____

## COMPLAINT INFORMATION

For any block(s) that you checked above, describe the harm and how you feel you were discriminated against. Include names and job titles of all those involved, and the dates you were harmed.

I was terminated for taking steps seeking to enforce my legal rights. Specifically on Oct. 11, 2006, I was physically assaulted by a resident at the Oak Hill youth Center in Laurel, MD. I filed a formal complaint on that day with the DC Metropolitan Police Dept for assault by the resident. Consequently on October 19, 2006 I was terminated. The agency reported I was terminated for no cause (initially). However, upon the DC City Council's inquiry as to why the Director conducted a mass firing, the agency began to fabricate termination reasons, reporting to Councilmember Barry, that I was terminated because I was incompetent and rarely came to work. (Continue on back)

What reason(s) did your employer give for the action(s) taken against you? Or, what do you believe the employer will tell the EEOC?

I believe the employer will tell the EEOC that I was terminated for not following the Direction of the agency, that the agency is under reform, and my termination is a part of that reform. That is the fourth explanation the agency gave me regarding my termination and the termination of several other managers. The agency has not been -3- forthright in their explanation for the termination. This leads me to believe that the motivation for the termination is retaliatory as well as discriminatory.

**Name others who were treated like you:**

| | NAME | JOB TITLE | RACE/NATIONAL ORIGIN/RELIGION | SEX | AGE |
|---|---|---|---|---|---|
| 1. | Henry Davis | Supr. Correctional Officer /s | A/A | M | 43 |
| 2. | Joyce Freeman | Unit Manager | A/A | F | 60 |
| 3. | Linda Cruz-Packer | Supervisory C.O. /Unit Mgr. | A/A | F | 45 |
| 4. | Alba Jeter | Supervisory C/O / Unit mgr. | A/A | M | 42 |
| 5. | Deborah Williams | Supr. C/O / Unit Mgr | A/A | F | 44 |
| 6. | Janice Griffin | Supr. C/O / Unit mgr. | A/A | M | 44 |
| 7. | Augustine Oyinemea | Supr. of Social Serv. | African | M | 50 |

**Who are your witnesses?**

| | NAME | JOB TITLE | ADDRESS/PHONE# |
|---|---|---|---|
| 1. | Henry Davis | Supervisory Correctional Officer | |

**What will #1 tell us?** that he was terminated for same reasons, and that he received an identical termination letter. My termination was retaliatory for contacting police about y.

2. Joyce Freeman (Treatment Unit Manager)

**What will #2 tell us?** that he was terminated for same reasons, receiving identical termination letter. My termination was retaliatory for contacting the police about youth

3. Linda Cruz-Packer    Supervisory Correctional Officer/Unit Manager

**What will #3 tell us?** She was terminated for same reasons, that she received same termination letter. My termination was retaliatory for calling the police on youth who assaulted me.

**Does the employer you named above require people to pass any of the following before hiring the person: (*Check all that apply, if known*)**

a. A written test?    _____ Yes

b. A credit check?    _____ Yes

c. A background investigation?    _____ Yes

**Have you sought help about this problem from any agency, union, attorney, or any other source?**

[ ] No    [✓] Yes – If yes, from whom and when?  Attorney Nov. 17, 2006 - Advice and consultation.

**Have you filed a complaint about the action you think was discriminatory with any other federal, state, or local government anti-discrimination agency?**

[✓] No    [ ] Yes – If yes, name of agency _____    Date: _____
Results if any: _____

*I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and understanding.*

X _____     X _____
　　　　Signature　　　　　　　　　　　　　　　　Date

**Privacy Act Statement:**

This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.

    1. Form Number/Title/Date: Form 283, Intake Questionnaire, 10/94.

    2. Authority: U.S.C. 2000(e)(9), 29 U.S.C. 201, 29 U.S.C. 621

    3. Principal purposes: Provides information from the Charging Party relevant to filing a charge of discrimination.

    4. Routine uses: This questionnaire is used to make an official determination whether facts exist to prepare a charge of discrimination.

    5. Whether disclosure is mandatory or voluntary and effect on individual for not providing information: Voluntary. Failure to provide this information may affect whether the Commission processes your claim further.

Revised 6/06

# CONTINUATION PAGE

**For use if additional pages are needed to answer any question(s). Indicate the question number that is being answered before each response below.**

Complaint Information Cont'd.: After learning of this, I immediately contacted the Director via email requesting a meeting to discuss such allegations of my performance. The Director refused, stating that he has "spoken to several people, in addition to Oak Hill management, to include cooks, maintenance workers, line staff, mental health staff, and residents and their parents regarding my performance." Moreover he continued that he "used the information gathered from those sources as a basis for his decision to terminate me." Clearly this action/process for picking information or evaluating the employees (my) job performance is biased, unethical, unfair, and violates my right as a government employee to be governed by the same DPM policies that affect all government employees. The DPM nor the DC code does not reflect investigative or evaluative techniques of this nature to be used when making employment decisions about an employee. I contend that on the basis of the information contained in this questionnaire, and my attached complaint, that I have been discriminated against because of retaliation for exercising my 1st Amendment Rights, as well as having filed a sexual harassment complaint against a shift commander. In late 2005, I complained of sexual harassment by a shift supervisor, reporting this behavior to my immediate supervisor and the Superintendent LaVern Evans. The shift commander who instructed to apologize for his behavior, and subsequently sent to sexual harassment training. As recently as June 2006, the same shift commander boasted if show nothing happens to him and that he caused my job. This behavior was reported to the same superintendent, who failed to respond/act responsibly.

# EEOC COMPLAINT
# SUBMITTED
# BY
# DR. MONIKA WILSON-GREENE
## On November 20, 2006

I am filing this discrimination complaint in part, on the basis of *age and retaliation* for my taking steps seeking to enforce my legal rights, and *reprisal* that has severely affected my employment privileges, benefits, and working conditions, resulting in disparate treatment of [myself] the complainant. I am seeking compensatory damages as part of the relief I am and requesting, and reinstatement to my position with the current pay increases, or reinstatement to any available career service position for which I am qualified.

I have experienced a *disparate impact* that has been less favorable for female Managers than males. Specifically, the DYRS has consistently enforced rules related to taking lunch breaks on the female managers, requiring female managers to report to the Deputy Superintendent of Treatment each time we desire a lunch break, when we leave and when we return, and to request flex-time 24 hours prior to the day we need or would like to flex our time. These rules were not applied to all managers/employees. It is apparent that the enforcement of these rules have a different and more inhibiting effect on women and minority groups than on the majority.

Therefore, this discrimination complaint against the DYRS is filed under 29 CFR 1614, acknowledging that specific acts of discrimination or reprisal have taken place that is personal to [myself] the complainant. Specifically:

## 1. No notices Posted.

Employers are required to post <u>notices</u> to all employees advising them of their rights under the laws EEOC enforces and their right to be free from retaliation. Such notices must be accessible, as needed, to persons with visual or other disabilities that affect reading. Dr. Greene contends that the Department of Youth Rehabilitation Services (DYRS) has no notices posted advising her of how, where, when or who to file an EEOC complaint against which is a violation of the federal laws relating to EEOC.

## 2. Complaint of Sexual Harassment.

On or about the latter part of 2005, Dr. Greene notified her immediate supervisor and Superintendent LaVern Evans, of sexual harrassment behavior directed at her by one Shift Commander. The Superintendent failed to act responsibly. Instead the Shift Commander was instructed to apologize for his behavior ans subsequently sent to sexual harassment training. The Shift Commander continued to boast about nothing is going to happen to him and that he

- *exhibit B-2*

EEOC Complaint                                                                    2
Submitted by Dr. Monika Wilson Greene
November 20, 2006

saved Dr. Greene's job (as recently as June 2006). This behavior was aslo reported to the
Superintendent, at which time he failed to act responsibly.

## 3.  Conflict of Interest.

On October 19, 2006, Fitzgerald Fant, Human Resource Manager, participated in an active
roll concerning the termination of several MSS mangers that were fired. Dr. Greene must
now file her formal complaint with this same Mr. Fant who is also the EEOC Officer for the
DYRS at Oak Hill, that investigates and decides EEOC complaints. The fairness and
objectivity concerning this filing can not be impartial and it shows a conflict of interest.

## 4.  Unwarranted Termination.

On October 19, 2006, DYRS issued Dr. Greene a termination notice effective November 3,
2006, which advised it was not grievable or appealable. Dr. Greene contends that DYRS
terminated her employment for contacting the District of Columbia Metropolitan Police
Department to file a complaint against a resident for assault, in violation of her First
Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of
1935, anti retaliation laws, civil service laws, and a violation of the Worker Adjustment and
Retraining Notification Act.

Dr. Greene contends the termination to be a wrongful termination and that the DYRS' actions
were adversarial, malicious, and retaliative, resulting in discrimination, actionable retaliation
to activity that affected the terms and conditions of Dr. Greene's employment, intentional
infliction of emotional stress, negligent infliction of emotional stress, retaliatory discharge,
and defamation of Dr. Greene's character.

## 5.  Public announcement of Dr. Greene's termination.

On October 20, 2006,  Management (Schiraldi, Brown, Evans, Dunbar, Thomas, Schlinder,
and consultant Pili Robinson) announced at evening roll calls and requested that the day shift
personnel come off their units upon relief and report to the cafeteria, so that they could
informed them that Dr. Greene and other managers had been terminated,  further lending
humiliation and embarrassment measures.

On October 21, 2006, at the Town Hall meeting, Director Schiraldi further identified the
managers by name and advised they were no longer employed.

## 6.  Retaliation.

Dr. Greene contends that she was terminated for taking steps seeking to enforce her legal
rights. The laws prohibiting discrimination in the work place also prohibit retaliatory action

EEOC Complaint
Submitted by Dr. Monika Wilson Greene
November 20, 2006

being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. Specifically, Dr. Greene was physically assaulted by a youth in the custody of the DYRS on October 11, 2006, at which time she contacted the D.C. Metropolitan Police Department to file a formal complaint. Dr. Greene as a government employee had the right *not to be* terminated without sufficient justification. Dr. Greene had the right not to be disciplined or fired based on speech that involves matters of public concern.

Dr. Greene was particularly vulunerable, however, when it came to making her complaint. Dr. Greene's economic livelihood depended on the employer, which held the authority to discipline and discharge her. Understandably, Dr. Greene was somewhat reluctant to stand up for her rights, or make the complaint, for fear that she would lose her job. Enforcing her rights includes filing a complaint with the agency that enforces the law.

In addition, Dr. Greene has continuously suffered reprisal by the Superintendent for having complained of sexual misconduct and other unethical behavior of Shift Supervisor, Tyrone Bryant who happens to be a friend of the Superintendent. Since complaining of the misconduct, Dr. Greene has been the target of disparate treatment when attempting to carry out her official duties. The Superintendent consistently over ruled treatment decisions and unit operations decisions made by Dr. Greene, that were in accordance with agency policy, and refused to address any work place issues brought forth by Dr. Greene, in his official capacity of Superintendent. Instead, the Superintendent ignored her requests for assistance. This degree of interference with Dr. Greene's attempt to fulfill her job responsibilities has not been imposed on male employees. It is discriminatory and retaliatory and offered no constructive assistance in helping Dr. Greene to become an even more efficient manager.

## 7. Age.

A claim of discrimination based on age by an individual who is at least 40 years of age at the time of the alleged discriminatory act. Dr. Greene is over 40 years of age.

## 8. Retrieval of personal property.

Dr. Greene inquired about her personal property that management prohibited her from retrieving at the time of her termination. Dr. Greene was told that the whereabouts of her personal belongings were unknown.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MONIKA WILSON-GREENE,** | ) | **C.A. No.:   06-2262(RJL)** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Department of Youth Rehabilitation ,** | ) | |
| **Services,** *et al* | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss, and Plaintiff's Opposition filed

thereto, it is this _____ day of _____ 20___,

**ORDERED,** that Defendant's Motion be and hereby is **DENIED.**


_____
**JUDGE, United States District Court of the**
**District of Columbia**

**Copies to:**

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701