UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONIKA WILSON-GREENE, )
)
Plaintiff, )   C.A. No.: 06-2262 (RJL)
)
v. )
)
PILI ROBINSON, )
)
Defendant. )
)

### NOTICE OF PREVIOUSLY FILED PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

The plaintiff, MONIKA WILSON-GREENE, hereby respectfully notifies the Court that on January 5, 2007, prior to this case's removal to this court from the Superior Court of the District of Columbia, Plaintiff filed her response opposing the defendant's Motion to Dismiss Complaint. A copy of the Plaintiff's opposition is attached to this notice.

Respectfully submitted,

Dated: January 31st, 2007

By: /s/ Monika Wilson-Greene
Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772
301-574-1434
202-580-2618

### CERTIFICATE PURSUANT TO RULE 5 (e) and 5 (i)

I hereby certify that I sent a copy of this motion to chambers.

_____
Monika Wilson-Greene


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Opposition of Defendant's Motion was mailed first, class, postage pre-paid, this 31st day of January, 2007 to:


Pili Robinson
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109


Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

_____
Monika Wilson-Greene

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MONIKA WILSON-GREENE, )
)
    Plaintiff, )
) C.A. No.: 0008420-06
v. ) Judge Melvin R. Wright
) Calendar No.: 13
PILI ROBINSON, )
)
)
    Defendant. )
)

RECEIVED
Civil Clerk's Office
JAN 0 4 2007
Superior Court of the
District of Columbia
Washington, D.C.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

The plaintiff, MONIKA WILSON-GREENE, hereby strongly opposes the December 26, 2006 motion of the defendant put forth to dismiss the above complaint against him pursuant to Civ. P. Rule 12(b)(5)(6) and other arguments, filed by Attorney Andrew T. Wise, counsel for Pili Robinson.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff, MONIKA WILSON-GREENE, acting on her own behalf, submits the following points and authorities in support of her opposition to the defendant's motion to dismiss the complaint in the above captioned case:

1. On November 21, 2006, Plaintiff made a *prima facie* case of retaliation, discrimination, and public policy wrongful discharge.

2. On November 29, 2006, Plaintiff filed amendment to complaint.

3. The defendant is a paid consultant of the Department of Youth Rehabilitation Services (DYRS), procured by contract.

4. The defendant was presented by the Director of DYRS as an *expert in youth services and programs*. In addition, the defendant described his skills and abilities as expert level in youth services and programs.

5. The complaint, summons, and initial order were mailed to the defendant at his business address in Jefferson City, Missouri by certified mail.

6. The amended complaint was mailed to the defendant at his business address in Jefferson City, Missouri via U.S. firs class mail.

7. Service of process was completed by mailing a copy of the complaint, summons, and Initial

Order by certified mail, return receipt requested (SCR-Civ. 4(e)(2)) to the defendant.

8. Mark Stewart, the person authorized to sign for and receive mail delivered to the defendant's place of business in Jefferson City, Missouri, signed for and received the copy of the summons, complaint, and initial order mailed to the defendant.

9. In Clair v. District of Columbia Department of Employment Services, the proper measure of damages in a public-policy wrongful discharge action is the sum of any wages that an employee actually earned or could have earned with reasonable diligence; additionally, an employee may recover for any other tangible benefit lost as a result of the termination.

10. Since the decision in Foley v. Interactive Data Corporation, damages for emotional distress and punitive damages can only be recovered in public policy cases, discrimination cases and independent tort cases.

## ARGUMENT

Defendant argues that the "Complaint should be dismissed against him pursuant to Superior Court Civil Rule 12(b)(5) for insufficiency of service process". *See* Defendant's Memorandum of Points and Authorities at p.3. Defendant further wrongly argues that the "Complaint should be dismissed pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted". *Id.* at p. 3.

A. **Defendant Is Not Entitled to Relief Under Civil Rule 12(b)(5) of the Superior Court Rules of Civil Procedure**

The defendant's motion misapplies the relevant facts of law. The plaintiff met her obligation to serve a copy of the summons, along with the complaint and initial order upon the defendant in accordance with the provisions of Superior Court Civ.R. 4(b)(1)(4). The defendant argues that the plaintiff failed to follow the procedures as set forth in Superior Court Civ. R. 4 (d)(1). *See* Defendant's Memorandum of Points and Authorities at p.3. According to the Superior Court Rules of Civil Procedure, the provision of Civ.R. 4 (d) is vacant. The District of Columbia Superior Court Civil Rules establish, in pertinent part, parallel service requirements to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure.

2

Case 1:06-cv-02262-RJL   Document 10   Filed 01/31/2007   Page 5 of 12
Monika Wilson-Greene v. Pili inson
Opposition to Defendant's Motion to Dismiss Complaint

See D.C. SUPER. CT. CIV. R. 4(e)(2). In addition, Rule 4(e) of the D.C. Superior Court Civil Rules permits service to be effected upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested. D.C. SUPER. CT. CIV. R. 4(e)(3). Leaving a copy of the complaint and summons at an individual defendant's place of business constitutes valid service if it is left in the hands of "an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e). Mark Stewart was identified as the person authorized at the defendant's place of business to receive and sign for mail addressed to the defendant. *See* Parker v. Frank Emmet Real Estate, 451 A.2d 62, 66 (D.C. 1982); Morfessis v. Marvins Credit, 77 A.2d 178, 179 (D.C. 1950).

The defendant is a business acquaintance of the defendant. The defendant passed out business cards listing a Jefferson City, Missouri address as his place of business. A reasonable person would assume that the defendant intends for all matters related to his business are forwarded to his business address. Further, the defendant received the summons, the complaint, the initial order and the amended complaint and responded to the complaint in timely fashion by filing a motion to dismiss the complaint against him via legal counsel. Based on the points stated above, the defendant's argument of insufficiency of service of process is not valid.

### B. Defendant Is Not Entitled to Relief Under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim. Bruno v. Criterion Holdings, Inc., 736 A.2d 99, 99 (R.I. 1999). The complaint must be construed in light most favorable to the plaintiff and its allegations taken as true. McBryde v.

Amoco Oil Co., 404 A. 2d 200 (D.C. App 1979).

The plaintiff alleges that the defendant contributed to the wrongful termination of the plaintiff through [his] actions that were adversarial, malicious, and retaliative resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory discharge, and defamation of the Plaintiff's character. *Id.* p. 3 of the plaintiff's complaint. In principle, the tortious liability runs in parallel to liability in contract. Subject to the rules of privity of contract, one who has entered into a contract can sue or be sued on the contract which will set out the terms of the service to be provided by the professional person, and if there is no express term to this effect, there will be an implied term that the service will be performed with reasonable care and skill, per s13 Supply of Goods and Services Act 1982.

The Plaintiff raises the issue that the individual defendant has expressly or impliedly represented skills and abilities in excess of the ordinary person. The usual rules to establish negligence rely on establishing that a duty of care is owed by the defendant to the claimant, and that the defendant is in breach of that duty. The standard test of breach is whether the defendant has matched the abilities of a reasonable person. But, by virtue of the services they offer and supply, professional people hold themselves out as having more than average abilities. The *Bolam* test derived from *Bolam v Friern Hospital Management Committee* (1957) 1 WLR 583, determines the standards against which to measure the legal quality of the services actually delivered by those who claim to be among the best in their fields of expertise.

Plaintiff has reason to believe that the defendant in his capacity of Senior Consultant/Expert of Youth Services and Programs to the DYRS, provided advice to the Director of the DYRS that contributed in part to the Director's decision to terminate the plaintiff. The law distinguishes between liability flowing from acts and omissions, and liability flowing from misstatements. The *Bolam* principle

4

addresses the first element. However, Hedley Byrne & Co. Ltd. v Heller & Partners Ltd. (1964) AC 465 created the rule of "reasonable reliance" by the claimant on the skills of the defendant.

> "Where a person is so placed that others could reasonably rely upon his judgment or his skill or upon his ability to make careful inquiry, and a person takes it upon himself to give information or advice to, or allows his information or advice to be passed on to, another person who, as he knows or should know, will place reliance upon it, then a duty of care will arise."

Further, the defendant, often disclosed in management meetings, in which the plaintiff was present, the authority granted to him by the Director to oversee parts of the Oak Hill Youth Center. Specifically, the defendant proclaimed to have decision-making authority over title changes of government employee positions, specific job duties/functions of government employees, duty hours and scheduling for government employees, increases in salaries of government employees, hiring of government employees, and firing of government employees. Therefore, the defendant was vested with decision-making authority within the DYRS that in part, affected the plaintiff's employment with the DYRS. Actions nominally based on *Hedley Byrne* by definition include negligent acts or omissions, even though the ratio decidendi of *Hedley Byrne* was cast in terms of liability for statements. In *Caparo Industries plc. v Dickman* (1990) 2 AC 605 the criteria for a duty of care in giving advice were stated in more restricted terms:

> "What can be deduced from the Hedley Byrne case, therefore, is that the necessary relationship between the maker of a statement or giver of advice (the adviser) and the recipient who acts in reliance on it (the advisee) may typically be held to exist where (1) the advice is required for a purpose, whether particularly specified or generally described, which is made known, either actually or inferentially, to the adviser at the time when the advice is given, (2) the adviser knows, either actually or inferentially, that his advice will be communicated to the advisee, either specifically or as a member of an ascertainable class, in order that it should be used by the advisee for that purpose, (3) it is known, either actually or inferentially, that the advice so communicated is likely to be acted on by the advisee for that purpose without independent

5

inquiry and (4) it is so acted on by the advisee to his detriment."

The Director reported to plaintiff that he conducted several meetings seeking advice and debating the recommendation of terminating the plaintiff. *Id.* p. 10 of complaint. The plaintiff alleges that the Director's meetings consisted of the executive management team (see p. 9 of complaint and the defendants listed in the plaintiff's amended complaint p. 3). Following *Caparo*, the Court of Appeal in *James McNaughton Papers Group Ltd. v Hicks Anderson & Co.* (1991) 1 AER 134 adopted a more restricted approach, focusing in the adviser's actual and constructive knowledge of the purpose for which the statement was made. Thus, the duty was to be limited to transactions or types of transactions where the adviser knew or ought to have known that the advisee would rely on the statement in connection with that transaction without obtaining independent advice. It also had to be shown that the advisee did in fact reasonably rely on the statement without using his own judgment or obtaining independent advice. By the Director's own admission, he solicited and used the advice of his management team as the basis for his decision to terminate the plaintiff.

The basis of the defendant's argument is that the plaintiff did not allege the elements to establish a prima facie case in a wrongful discharge claim against the defendant in her complaint, and that even if she did allude to the required elements, she was an at-will employee and may be discharged at any time for any reason, or no reason at all. *Id.* Defendant's Memorandum of Points and Authorities at p. 4.

A careful reading of the complaint in this matter reveals that Plaintiff established a *prima facie* case for wrongful discharge that included the defendant in part as a person responsible for the action taken against the plaintiff. *See* complaint p. 3 and amended complaint p. 3 and 6. Therefore, a causal connection exists between the actions of the defendant, the actions of the Director, and the plaintiff's loss. Liability in negligence has been established where there was a breach of the duty of care owed by the defendant to the claimant that caused loss and damage, and it is reasonable that the defendant should compensate the claimant for that loss and damage.

Plaintiff is a *pro se* litigant attempting to pursue a remedy for a wrong that has befallen her. While her complaint does indeed overcome a Rule 12(b)(6) challenge, it does so in an unconventional way. Considering the sum of allegations contained in the complaint, it is undisputed that Plaintiff states a claim upon which relief can be granted in a wrongful discharge matter.

Dismissal for failure to state a claim upon which relief can be granted is impressible unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Owens v. Tiber Island Condominium Ass'n, 373 A.2d 890 (D. C. App 1977). Through documentary and testimonial evidence, Plaintiff will be able to rebut Defendant's assertion that he was not negligent in his duty as SeniorCconsultant/Expert, and that he did not do anything in connection to the plaintiff's claims. Thus, defendant's relief should be denied because such relief is not permitted under the rules of this court.

**Dated:   January 5, 2007**                                                      Respectfully submitted,

By: *[signature]*
Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772
301-574-1434
202-580-2618

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition of Defendant's Motion was mailed first class, postage pre-paid, this 5th day of January, 2007 to:

Pili Robinson
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109

Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701

Department of Youth Rehabilitation Services
Office of the Mayor
Tabitha Braxton
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Department of Youth Rehabilitation Services
Office of Attorney General
Darlene Fields
441 4th Street, N.W.
Washington, D.C. 20001

Vincent Schiraldi
Youth Services Center
1000 Mt. Olivet Road, N. E.
Washington, DC 20002

David Brown
8300 Riverton Court
Laurel, Maryland 20724

Dexter Dunbar
8300 Riverton Court
Laurel, Maryland 20724

David J. Thomas
8300 Riverton Court
Laurel, Maryland 20724

Mark Schindler
8300 Riverton Court
Laurel, Maryland 20724

LaVern Evans
8300 Riverton Court
Laurel, Maryland 20724

Cathy Ohler
8300 Riverton Court
Laurel, Maryland 20724

Fitzgerald Fant
8300 Riverton Court
Laurel, Maryland 20724

Monika Wilson-Greene

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **MONIKA WILSON-GREENE,** | ) | |
| | ) | |
| Plaintiff, | ) | <u>C.A. No.: 0008420-06</u> |
| | ) | Judge Melvin R. Wright |
| v. | ) | Calendar No.: 13 |
| | ) | |
| **PILI ROBINSON,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and Plaintiff's Opposition filed thereto, it is this _____ day of _____ 20\_\_\_.

**ORDERED,** that Defendant's Motion be and hereby is **DENIED.**

_____
JUDGE

**Copies to:**

Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772

Pili Robinson
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109

Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701

Department of Youth Rehabilitation Services
Office of the Mayor
Tabitha Braxton
1350 Pennsylvania Avenue, N.W.

Washington, D.C. 20004

Department of Youth Rehabilitation Services
Office of Attorney General
Darlene Fields
441 4th Street, N.W.
Washington, D.C. 20001

Vincent Schiraldi
Youth Services Center
1000 Mt. Olivet Road, N. E.
Washington, DC 20002

David Brown
8300 Riverton Court
Laurel, Maryland 20724

Mark Schindler
8300 Riverton Court
Laurel, Maryland 20724

LaVern Evans
8300 Riverton Court
Laurel, Maryland 20724

Dexter Dunbar
8300 Riverton Court
Laurel, Maryland 20724

David J. Thomas
8300 Riverton Court
Laurel, Maryland 20724

Cathy Ohler
8300 Riverton Court
Laurel, Maryland 20724

Fitzberald Fant
8300 Riverton Court
Laurel, Maryland 20724