UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Monika Wilson-Greene, <br> 17007 Village Drive West <br> Upper Marlboro, Maryland 20772 <br><br> Plaintiff, <br><br> v. <br><br> Department of Youth Rehabilitation Services, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 02-2262 (RJL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS

Defendants, Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant (hereinafter "defendants"), by and through undersigned counsel, in support of their Reply to the Plaintiff's Opposition to their Motion to Dismiss, state as follows:

1) Plaintiff has failed to demonstrate that she has met the pleading requirements of Fed. P. Civ. R. 10. Therefore, dismissal of her claims is appropriate.

2) Plaintiff does not dispute that Defendant Department of Youth Rehabilitation Services is *non sui juris*; and therefore, has conceded this argument. Therefore, this suit against this defendant must be dismissed.

3) Plaintiff has failed to establish that she has effectuated proper service against the named defendants under FR.C.P.4(e), therefore, this Court lacks jurisdiction over these defendants;

4) The law is clear that individuals may not be held liable under Title VII, and plaintiff has not produced any evidence to the contrary. Therefore, dismissal of plaintiff's Title VII claims against the individually named defendants is mandated;

5) Plaintiff has failed to demonstrate that she exhausted her administrative remedies by completing an EEOC investigation and obtaining a right to sue letter. As such, dismissal is appropriate.

6) Plaintiff has failed to establish that she has a legitimate due process claim under the 5th amendment because she has no property interest or expectation of continued employment. timely file her charge of discrimination.

*Argument*

**A. PLAINTIFF HAS FAILED TO PRESENT ANY FACTS THAT WOULD DEFEAT THE DEFENDANTS' ENTITLEMENT TO DISMISSAL OR JUDGMENT AS A MATTER OF LAW**

**1. Plaintiff's Complaint Does Not Comport With Fed. P. Civ. R. 10, and Dismissal Is Appropriate.**

Plaintiff acknowledges that her complaint fails to comply with the mandatory requirements of Fed. P. Civ. R. 10(b) which provides that: "[a]ll averments of claim… shall be made in numbered paragraphs." Plaintiff asks for the Court's leniency, as she initially filed her complaint in Superior Court and was not aware of the federal court rules. See Opposition, at page 14. However, the Superior Court rules also mandate that all averments be made in numbered paragraphs. See Superior Ct. Civ. P. R. 10. Plaintiff cannot be excused from the mandatory requirements of the Superior Court or federal court and dismissal of the Complaint is warranted because she failed to comply with Rule 10.

**2.      Defendant Department of Youth Rehabilitation Services is Non *Sui Juris,* and Dismissal of Plaintiff's Complaint Against This Defendant is Appropriate**.

Plaintiff does not dispute that the Department of Youth Rehabilitation Services (hereinafter "DYRS") is non sui juris. See Opposition, generally. Therefore, plaintiff's lawsuit as against DYRS must be dismissed.

**3.      Plaintiff Has Failed to Effectuate Proper Service**

Plaintiff makes conclusory assertions concerning proper service on the defendants. Plaintiff has failed to produce any competent evidence of proper service. While plaintiff provides an affidavit in support of her claim of proper service, the affidavit fails to identify any individual who was an *authorized agents of the defendants*. Therefore, plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2), and dismissal is appropriate.

**4.      Individuals May Not be Held Liable Uunder Title VII**

Plaintiff misreads Title VII. The law is clear that the defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995)  Accordingly, plaintiff's Title VII claims against these defendants must be dismissed.

**5.      Plaintiff Has No 5th Amendment Due Process Claim As An At-Will Employee**

Plaintiff's opposition misstates the law. An at-will employee has no property interest under the 5th amendment. Plaintiff cites the District Personnel Manual ("DPM") in support of her claim of continued expectation of employment, but fails to cite to any District regulation under the DPM that confers any grievance or appeal rights with respect to her termination- because there are none. See Opposition, pg. 21. As the plaintiff correctly states, she was a managerial, at-will employee,

3

with no appeal or grievance rights and she has failed to demonstrate that she has a cognizable "property interest" or expectation of continued employment.

**6.     Plaintiff Has Failed to Exhaust Her Administrative Remedies**

Plaintiff claims that she filed a complaint with the EEOC. However, she has produced no evidence that she has completed the administrative process with the EEOC. More importantly, plaintiff has not shown that she received a right to sue letter, which is a condition precedent to filing her federal court complaint. *See Mack v. Strauss*, 134 F. Supp 2d 103, 109 (D.D.C. 2001). *See also, Plaintiff Exhibit 9.* Plaintiff's failure to exhaust her administrative remedies bars this federal court complaint.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint as a matter of law.

>                                 Respectfully submitted,
> 
>                                 EUGENE A. ADAMS
>                                 Interim Attorney General for the District of Columbia
> 
>                                 GEORGE C. VALENTINE
>                                 Deputy Attorney General, Civil Litigation Division
> 
>                                    /s/ Patricia A. Jones
>                                 PATRICIA A. JONES [428132]
>                                 Chief, General Litigation, Section IV
> 
>                                    /s/ Leticia L. Valdes
>                                 LETICIA L. VALDES [0461327]
>                                 Assistant Attorney General
>                                 441 4th Street, N.W.
>                                 Sixth Floor South
>                                 Washington, D.C. 20001
>                                 (202) 442-9845; (202) 727-6295
>                                 Leticia.Valdes@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Reply to the Plaintiff's Opposition to their Motion to Dismiss Plaintiff's Complaint was mailed, first class, postage prepaid, this 8th day of February 2007, to:

Ms. Monika Wilson-Greene
17007 Village Drive West
Upper Marlboro, Maryland 20772

                                        /s/ Leticia L. Valdes
                                    LETICIA L. VALDES
                                    Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Monika Wilson-Greene, <br> 17007 Village Drive West <br> Upper Marlboro, Maryland 20772 <br><br> Plaintiff, <br><br> v. <br><br> **Department of Youth Rehabilitation Services,** *et al.* <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 02-2262 (RJL) |

Upon consideration of the defendants Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant's Motion to Dismiss, plaintiff's opposition thereto, defendants' Reply, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:   that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all defendants.

_____
JUDGE, United States District Court for the District of Columbia