UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 9 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MONIKA WILSON-GREENE,      )<br>                              )<br>    Plaintiff,               )<br>                              )<br>    v.                        )<br>                              )   Civ. Action No. 06cv2262 (RJL)<br>DEPARTMENT OF YOUTH          )<br>REHABILITATION SERVICES,     )<br>*et al.*                      )<br>                              )<br>    Defendant.                ) | |

**MEMORANDUM OPINION**
(July ___, 2007)[#6]

Monika Wilson-Greene, proceeding *pro se*, has sued her former employer, the Department of Youth Rehabilitation Services ("DYRS") and several DYRS employees[1] alleging, *inter alia*, violations of her First and Fifth Amendment rights, the National Labor Relations Act, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*. Currently before the Court is the defendants' motion to dismiss pursuant to Rule 12(b)(5) and 12(b)(6). For the following reasons, defendants' motion is GRANTED.

## I. BACKGROUND

Ms. Wilson-Greene was terminated by DYRS on October 19, 2006, allegedly in retaliation for reporting that she had been assaulted by a youth in DYRS custody and for previously complaining of sexual harassment by her supervisor. Compl., p. 4, 10-11. On

---

[1] Specifically, plaintiff has sued DYRS employees: Vincent Shiraldi; David Brown; Mark Schindler; LaVern Evans; Dexter Dunbar; D.J. Thomas and Cathy Ohler.

November 21, 2006, plaintiff filed suit in Superior Court.[2]  On November 27, 2006, plaintiff filed a complaint with the EEOC.

Defendant has moved to dismiss the complaint arguing, *inter alia,* that plaintiff has failed to properly serve the individual defendants and that DYRS is *non sui juris*.  For the following reasons, the Court agrees and will GRANT, defendant's motion to dismiss.

## II. ANALYSIS

### A. STANDARD OF REVIEW

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.  F.R.C.P. 12(b)(5).

Under Rule 12(b)(6) a court may dismiss a complaint for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C.Cir.1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).  In ruling on a motion to dismiss, the Court will liberally construe the plaintiff's complaint, but will not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

---

[2] Plaintiff filed an amended complaint on November 29, 2006.

## B. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Defendant has moved to dismiss plaintiff's complaint as to the individual plaintiffs arguing that plaintiff has failed to effect proper service. Plaintiff argues in response that she properly served the individual plaintiffs by mailing a copy to the defendants' place of business. Upon review of the evidence in the record, however, the Court finds that plaintiff failed to adequately serve the individual defendants.

Under Federal Rule of Civil Procedure 4(e), service upon an individual may be effected:

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Rule 4(e) also permits service to be effected according to the "law of the state in which the district court is located, or in which service is effected." *Id.*

Under the Civil Rules of the District of Columbia Superior Court, service can be effected upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested," or "by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to the sender." D.C.Super. Ct. Civ. R. 4(c)(3), 4(c)(4).

In the case at hand, plaintiff mailed a copy of the complaint and summons via certified mail to the individual defendants at DYRS. In each case, Bernadette Akinseye or Louis Wilborn signed for the mailings. Although the Civil Rules of the D.C. Superior Court allows service by mail, such service must be made on the individual to be served. Plaintiff has offered no evidence that a copy of the complaint and the summons was delivered to the individual plaintiffs or that Ms. Akinseye or Mr. Wilborn were in some way authorized to accept service of process. As a result, the Court finds that plaintiff did not effect proper service of the individual defendants. Accordingly, the Court will GRANT defendants' motion to dismiss the complaint as to these defendants pursuant to Rule 12(b)(5).

## C. CLAIMS AGAINST DYRS

Defendant has further moved to dismiss plaintiff's claims against DYRS arguing that the department is *non sui juris*. The Court agrees.

The overwhelming weight of precedent in this Circuit holds that "in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Daskalea v. Washington Humane Society*, 480 F.Supp.2d 16, 22 (D.D.C. 2007)(quoting *Kundrat v. District of Columbia*, 106 F.Supp.2d 1, 7 (D.D.C.2000). Moreover, courts in this district have held that "in a Title VII suit against the District of Columbia, only the District of Columbia, and not its departments or agencies, may be the proper defendant." *Kundrat,* 106 F.Supp.2d at 5.

As plaintiff has not demonstrated that explicit statutory authorizes DYRS to sue or be sued, the agency is *non sui juris*. Accordingly, the Court will GRANT defendants' motion to dismiss the claims against DYRS pursuant to Rule 12(b)(6).[3]

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss will be GRANTED.

RICHARD J. LEON
United States District Judge

---

[3] The Court notes that even assuming, *arguendo*, that DYRS was a proper party to this case, plaintiff could not sustain her Fifth Amendment due process claim against the agency. In order to sustain such a claim in this context, the plaintiff would have to establish that she had a legitimate expectation of continued employment . As plaintiff concedes that she was an at-will employee, and so, without appeal or grievance rights, plaintiff cannot claim that she was deprived of a protected property interest. *Hall v. Ford,* 856 F.2d 255, 265 (D.C. Cir. 1988)(government employees "terminable at will have no property interest [in their continued employment] because there is no objective basis for believing that they will continue to be employed indefinitely.") Accordingly, plaintiff's due process claim would necessarily fail.